CHARLES W. PARDRIDGE *et al.*

*v.*

SAMUEL LA PRIES.

1. CONTRACT—*who liable to person rendering services.* Where an employee of a mercantile house, occupying a responsible position, and who sometimes took charge of the delivery of goods sold, employed an expressman to make deliveries, which he did with the knowledge of the firm, or one of its members, and who failed to notify him that he must look to the clerk for his pay, it was *held*, that the firm was liable to the expressman for his services.

2. In such a case, the fact that the clerk made a payment to the expressman, and that he did not call·on the firm for his pay on pay days, it not being shown he knew when they were, and that the clerk, after suit brought, offered to pay him, to keep from being discharged, will not defeat a right of recovery against the firm.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was a suit brought by the appellee against Charles W. Pardridge and Edward Pardridge, before a justice of the peace, and appealed to the circuit court, where the cause was tried by the court, who rendered judgment in favor of the plaintiff for $59.50.

Mr. D. BLACKMAN, for the appellants.

Messrs. AVERY & COMSTOCK, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The question presented is, whether the evidence embodied in the bill of exceptions sustains the finding of the court below.

That appellants, or at least one of them, knew that appellee was engaged in serving them in delivering goods, there is not the slightest doubt, and it is equally clear that appellee received the goods for delivery direct from the package clerk, and when so received he gave his receipt to the firm, and when delivered he took a receipt from the customer to the firm.

So far as the evidence discloses facts, some of this business was done through DeMerz. To all appearance he was under the immediate direction of the principal of that department of the house—one of the appellants in the case.

DeMerz was employed by appellants, as we understand it, in a responsible position in the house, having charge of the delivery of the goods sold to customers; and other duties devolved upon him, we infer, from his being floor-walker, but of their nature we are not informed by the evidence in the record. And appellee testified, that DeMerz, when he engaged him, informed him that appellants wanted to hire an express to deliver goods, and that he was authorized to hire for them; that there was no amount of wages agreed upon, and that he hired appellee for appellants.

Here was a person, occupying a responsible position in the firm, professing to have authority to hire an expressman, and actually employing appellee for the firm; and when he commenced doing the business, so far as disclosed, no questions were asked from which he might infer that DeMerz had informed appellants that he had employed appellee for them to perform the labor, and hence he made no inquiry whether De-Merz had the authority he claimed, nor did C. W. Pardridge, who had charge of the retail department of the store, and who knew of appellee's delivering the packages. inform him that he must look to DeMerz as his principal. It does not appear that it is customary for employees in such establishments to employ under-agents to perform their duties, and if not customary, appellee would not be chargeable with implied notice that, although professing to have authority and actually employing him as the agent of appellants, it might be they had not given authority to DeMerz. Had such a custom been shown. it may be he should have made inquiry; but being employed for appellants, and not DeMerz, to perform this particular duty, and they having permitted him to enter upon and continue in its performance, without any notice or explanation to undeceive him, he had the right to suppose that he

was in fact employed by appellants, and had the right to look to them for payment.

When DeMerz employed appellee, no amount of wages was agreed upon between them. Now, if DeMerz had supposed he would be responsible for the same, it seems to us that he would almost certainly have had the amount fixed. If appellee is, under all of these facts, to be turned off to look to De-Merz, it looks to us that it works a great wrong on appellee, almost amounting to a fraud. Appellants must have known that the circumstances were such as were well calculated to induce appellee to believe they were liable to him for his wages, and if so, it was their duty, as fair men, to give him due and timely notice, that he might have quit or made other arrangements with DeMerz.

If it be said that appellee did not apply on pay day for his wages, and we should therefore infer that he did not look to appellants for payment, the answer is, it does not appear that he was informed or knew when or how the employees were paid. The evidence shows that pay day was each Saturday, and he was there twenty days, but it does not appear what day he went to work. But suppose it was Monday, and suppose De-Merz paid him $10.50 the next Saturday, and suppose he made no claim of payment on the next pay day, but did apply on the next Saturday, and was then informed that he must look to DeMerz, and he then quit, this would make the twenty days he worked. Now, this would leave but one pay day between the time he commenced and the day he quit, on which he obtained no pay. This would, it seems to us, be but slight evidence that he did not look to appellants for his wages.

It is true, he says when he could not get his wages from DeMerz, he then demanded them of appellants. As before said, there is nothing to show that he was informed or knew the manner, or of whom he was to obtain his wages. There is no evidence that he had ever been so employed before, and a person in his condition in life may have supposed, nor is it unreasonable to conclude that he believed he should get his

wages through the man who had charge of the delivery of the goods sold.

Again, if it be said that the offer of DeMerz, at the trial before the justice, to settle with him by paying $25 or $30, tended to show that appellee was to look to him for payment, it may be answered that C. W. Pardridge had told DeMerz he would discharge him if he did not pay appellee, and from the amount offered, we may infer that he probably only made the offer to enable him to retain his situation. This, at most, would only show that DeMerz might have understood he was liable to appellee. but by no means tended to show appellee's understanding of the agreement.

The evidence strongly preponderates to establish the fact, that appellee understood he was employed by appellants, through DeMerz, and the circumstances are, we think, such, that if that was not the understanding of appellants, they should, on his entering their employment, have given him notice.

We have received but slight aid from the briefs in the case, but after a careful consideration of all the evidence, we are of opinion that it is sufficient to sustain the finding of the court below,.and the judgment must be affirmed.

*Judgment affirmed.*