Hurd v. Marple.

## HARVEY B. HURD

v.

## SARAH MARPLE.

1. AGENCY.—If a person by his conduct holds out another as his agent, by permitting him to act in that character, and to deal with the world as his general agent, he must be taken to be the general agent of the person for whom he acts, and the principal is bound, although in a particular instance the agent may have exceeded his authority. It is so even in the case of a special agent.

2. LOAN AGENT—EXTENSION OF TIME ON NOTE—RELEASE OF GUARANTOR.—Where a party places money in the hands of another to loan for him, and such agent makes a loan of the money, transacting all the business, attending to the renewal of the note, and in the course of such business such agent extends the time of payment of the note for a valuable consideration, without the knowledge or consent of the guarantor thereon, the principal will be bound by the act of the agent, and the guarantor released.

3. PRACTICE—COMMENT UPON FAILURE OF PARTY TO TESTIFY.—The omission of a party to testify in a case is a proper subject for comment by counsel, and his right to do so can not be taken away by the court upon the ground of an agreement between counsel had before the trial began, that such party would not testify.

APPEAL from the Superior Court of Cook county; the Hon. R. S. WILLIAMSON, Judge, presiding. Opinion filed January 19, 1882.

This was an action of assumpsit upon a guaranty by Hurd and others, of a promissory note of the Highland Park Building Co. for $1,802, dated April 1, 1872, payable to appellee, Sarah Marple. Hurd filed special pleas, setting up several extensions of the time of payment given by the payee to the maker of the note, whereby it was claimed his liability as guarantor was discharged. Issue being taken on these pleas, a trial was had before a jury, resulting in a verdict and judgment for the plaintiff. On appeal to this court, the judgment was reversed, 2 Bradwell, 402, and the cause remanded to the court below, where upon a second trial the plaintiff again recovered a judgment for $1,229.52, from which this appeal was prosecuted.

Hurd v. Marple.

It appears from the evidence that in 1869, appellee placed in the hands of Jira D. Cole, as her agent, $1,500, to be by him loaned for her. Cole loaned the money to the Highland Park Building Co. Oct. 7, 1869, taking the company's note for $1,666.74, which included interest at 18 per cent. per annum, payable to appellee at six months. The note was taken up April 7, 1870, $137.62 being paid, and a new note was given at six months for $1,590, which included interest at 12 per cent. This note was destroyed by fire in October, 1871, and the note in suit was given April 1, 1872, being made up of the principal $1,500, and accumulated interest. When it ma_ tured Oct. 1, 1872, it was extended for six months by agreement between the company and Cole, acting for appellee, at 18 per cent. interest. Other extensions followed at each succeeding six months, the first two or three at 18 per cent. ˙nterest and the last three at 12 per cent. During all this period and down to the time of his death, in 1876, Cole continued to act for appellee, as her agent in the management and control of the loan. The officers of the building company never saw appellee, nor dealt with her personally in any of these transactions, but always with her agent, Cole, the notes,. so far as they were aware, remaining in his hands all the time until his death in 1876. ˙

Mr. H. F. Vallette, for appellant; cited 2 Greenlf's Ev. 865; Wharton on Agency, § 85; Murphy v. Ottenheimer, 81 Ill. 39; Horton v. Silliman, 4 N. Y. Weekly Dig. 136; Wilcox & Gibbs S. M. Co. v. Elliott, 6 N. Y. Weekly Dig. 555; Pardridge v. La Pries, 84 Ill. 51; Cochran v. Chitwood, 59 Ill. 53.

Messrs. Robinson & Green, for appellee; that the statements of the alleged agent, can not prove the agency, cited Scott v. Crane, 1 Conn. 255; Whiteside v. Margarel, 51 Ill. 507; James v. Stookey, 1 Wash. C. C. 330; Mathews v. Hamilton, 23 Ill. 470.

An agreement to extend for an indefinite period, will not discharge the guarantor: Galbraith v. Fullerton, 53 Ill. 126; Gardner v. Watson, 13 Ill. 347; Freeland v. Compton, 30 Miss. 424; Alcock v. Hill, 4 Leigh, 622; Woolford v. Dow, 34 Ill. 424.

Ratification of an unauthorized act of the agent, must be

with full knowledge of all the facts: Owings v. Hull, 9 Pet. 629; G. C. & S. R. R. Co. v. Kelly, 77 Ill. 426; Farwell v. Meyer, 35 Ill. 40; Reynolds v. Ferree, 86 Ill. 570; Fitzgerald v. Dresser, 7 C. B. 396; Nixon v. Palmer, 4 Seld. 398; Wisconsin Bank v. Morley, 19 Wis. 62; Bell v. Cunningham, 3 Pet. 81; Godfrey v. Thorndike, 3 Green, 429.

Generally, as to what is a ratification: Abbott v. May, 50 Ala. 97; Supervisors v. Schenck, 5 Wall, 782; Horton v. Townes, 6 Leigh, 47.

WILSON, P. J. In the defendant's second plea, it is alleged that when the note became due, the plaintiff, in consideration that the Highland Park Building Company would pay her interest on the note at the rate of eighteen per cent. per annum, from the first day of October, 1872, until the first day of April, 1873, agreed with the company to give, and did give, further day of payment of the note, until said first day of April, without the knowledge or consent of Hurd, by reason whereof he became discharged from liability as guarantor.

The proofs show that the payment of the note was extended as alleged in the plea, Cole acting for appellee, and the company by its proper officers, and the interest was paid as agreed. The question is whether Cole had authority, real or apparent, to bind appellee by such extention.

In considering an agent's authority, it is necessary to distinguish between cases where the question at issue concerns the relative rights and liabilities of the principal and agent only, and those which concern the principal and third parties. An agent may make himself liable to his principal for an act done in excess of his authority, and yet the principal be responsible to third persons for the act, if done within the scope of the agent's apparent authority.

The principle of the cases on this subject is thus stated in Smith v. McGuire, decided by the Court of Exchequer, 3 H. & N.: "If a man by his conduct holds out another as his agent, by permitting him to act in that character, and to deal with the world as his general agent, he must be taken to be the general agent of the person for whom he so acts, and the latter is bound, though in a particular instance the agent may have

Hurd v. Marple.

exceeded his authority.    It is so even in the case of a special agent, as for instance, if a man sends his servant to market to sell goods, or a horse, for a certain price, and the servant sells them for less, the master is bound by it." And the same principle applies to a general agency for a particular business. The question is not as to the agent's real, but as to his apparent authority, such authority as from the conduct of the principal, third persons with whom the agent deals have reasonable ground to believe he is acting within the scope of his powers. Ewell's Evans on Agency, 101 *et seq.*

Applying this rule to the present case, we think it plain that the Highland Park Building Co. were warranted in believing at the time of the various extensions of the note, that Cole had authority to agree to such extension.    Even if it were a question of actual authority, there is much ground for claiming that such authority is shown by the proofs.    Appellee placed her money in the hands of Cole without any restrictions, so far as appears, either as to security or time.    The evidence shows him to have been an experienced business man, as partner of her husband, and one whom she trusted implicitly.    It was therefore quite natural she should have intrusted her money to his keeping, to be loaned on such terms and upon such security as he might deem satisfactory.    She seems to have committed every thing to his superior judgment, not even, as she testifies, reading the note when it was first handed to her by Cole, nor keeping any account of the moneys she received from him.    He loaned the money in 1869, and during the seven years succeeding, renewed the notes from time to time, granted extensions of payment, changed the rates of interest, and managed the loan as he saw fit, without any interference or control on the part of appellee, with a single exception to be hereafter noticed.

But if it were conceded that, as between appellee and her agent, the latter exceeded his authority in assenting to the extensions, we can not doubt that as to the company, he was acting within the scope of his apparent authority.    By placing the money in his hands to loan, without any restriction or limitations upon his authority, made known to third persons, ap-

pellee constituted him her general agent in that behalf. The possession of the money by him was presumptive evidence that he had all the authority usually exercised by loan agents, and this included the authority to pass upon security, time of payment, etc. For any abuse of his trust he might be liable to appellee in damages, but having held him out to the world as her agent, she was bound by his acts. There was no proof that the building company had any notice that Cole's authority was other or different from what it appeared to be. During the entire period while the renewals and extensions of payment were being made, the company dealt wholly and only with Cole. They never saw appellee, nor had any dealings with her in relation to the transaction. From year to year they paid Cole the interest in varying amounts, and were warranted in believing the loan was being managed satisfactorily to appellee, as no complaints from her reached them. From the beginning Cole acted and continued to act as an agent having plenary authority, and there was nothing to indicate to the company that he had not all the authority he appeared to have.

It appeared that on one occasion, in 1871, when one of the renewal notes matured, appellee, upon being informed by Cole that the company were not ready to pay, and desired six months' longer time, she consented to the extension, but limited the time of such extension to six months and no longer. It is not shown, however, that this was communicated to the company; and moreover, the limitation as to time appears to have been subsequently waived by her, as she continued to receive, without objection, semi-annual installments of interest for several years thereafter.

But it is objected that Cole, as the agent of appellee, had no authority, either real or apparent, to agree to an extension, which should have the effect to release a grantor. This objection is not tenable. As has already been shown, Cole was invested with at least apparent general authority in the management of the loan, and taking security according to his discretion. He could loan the money on real or personal security, on guaranteed paper, or on the credit of the borrower alone. He could at any time change the security as he saw fit. He could

Hurd v. Marple.

loan for a time on secured paper, and subsequently on unsecured paper.   It follows that even had there been, as is claimed, at first, an agreement between Cole and the building company, that the loan should be secured by indorsers, Cole, under his general authority, could waive that agreement, and accept unsecured paper, or release any or all of the indorsers, if he saw fit.   It is not claimed that any agreement was made with appellee herself, but if any was made, it was made with Cole.

Our conclusion on this branch of the case is that the act of Cole in extending the payment of the note is binding upon appellee, and that such extension operated to release appellant from his liability as guarantor, the agreement to extend having been made upon a sufficient consideration.

One of the errors assigned challenges the action of the court in refusing to permit the defendant's counsel to comment upon the omission of the plaintiff to testify as a witness in her own behalf.   It appears from the record that the defendant moved the court upon affidavit for a continuance, to enable him to obtain evidence that would tend to discredit the testimony of Mrs. Marple if she should be called as a witness in her own behalf.   Upon the court's expressing an opinion that the affidavit was sufficient to entitle the defendant to a continuance if Mrs. Marple was to be called, her counsel stated to the court that they did not intend to call her.   The court then said, upon that agreement the court will refuse the continuance, and the trial proceeded.

During his argument to the jury, the defendant's counsel was proceeding to comment upon the fact that the plaintiff had not been called as a witness in her own behalf, to which the plaintiff's counsel objected.   The court sustained the objection, remarking in the hearing of the jury, that it would be a wrong upon the plaintiff to allow such remarks, on account of the agreement upon which the trial had been proceeded with.

That her omission to testify was a proper subject for comment, is not doubted.   If Cole acted without her authority she knew it, and it was competent for her to testify in relation to it ; and it was legitimate for the defendant's counsel to argue

that if her testimony would have been in her favor, she would have been called. The ruling of the court, however, was not placed upon the ground that such comments are not ordinarily proper, but that they were not permissible because of the colloquy between the court and plaintiff's counsel, which the court misconstrued into an agreement binding on the defendant. The defendant was not a party to any agreement. He did not ask for a conditional order of continuance; nor could he prevent the court and plaintiff's counsel making any stipulation they chose to make. If for any reason a party to a suit chooses to agree with the court that he will not call a particular witness, the other party is not to be thereby deprived of his right to comment upon the omission to call the witness. Were the rule otherwise, a party possessing a knowledge of facts unfavorable to his side of the case, might always shield his omission to testify from criticism, by stipulating with the court in advance, that he will not offer himself as a witness on the trial. We think the ruling of the court was erroneous.

For the reasons above indicated, the judgment below is reversed, and the cause remanded for a new trial.

Reversed and remanded.