## World's Columbian Exposition v. James L. Richards.

1. AGENTS—*Authority Inferred from Circumstances.*—The chief inspector of the World's Columbian Exposition engaged a ticket seller for six months. He was discharged, however, before this time expired, for economical reasons. In an action for his services it was contended that the inspector has no authority to hire men for six months. In the absence of proof to the contrary it was held that the court might infer from the surrounding circumstances that the employment was for six months.

2. SERVICES—*Suit for a Wrongful Discharge.*—Where an employe, discharged before the expiration of his term of service, brings an action for a wrongful discharge, and the defense in part is that he received compensation in other employments during the unexpired portion of his time, the burden of showing such compensation and the value thereof is upon the defendant.

**Memorandum.**—Assumpsit for services. Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Submitted at the October term, 1894. Affirmed. Opinion filed March 5, 1895.

APPELLANT'S BRIEF, WALKER & EDDY, ATTORNEYS.

There can be no dispute that the burden lay upon the plaintiff to establish on the hearing that the act upon which he relies was within the province of Clark, as defendant's agent. The failure to do so was a fatal omission. Ames v. Moir, 130 Ill. 593; Steger v. Bent, 111 Ill. 338; Darst v. Doom, 38 App. 400; Fadner et al. v. Hibler, 26 App. 639, 640; Deering v. Starr, 118 N. Y. 665; Garrells v. Morton, 26 App. 433; S. E. & T. Co. v. Green, 25 App. 106, 118; Mechem on Agency, 190.

It was the clear right and duty of plaintiff not to trust to a mere presumption of Clark's authority, nor to any mere assumption of authority by Clark, but to ascertain the real nature and extent of Clark's powers, in order to determine whether or not the contract to be consummated came within the limits of those powers and would bind the principal. Mechem on Agency, 190; Garrells v. Morton, 26 App. 433;

Boltz v. Huston, 23 App. 579, 584; Chi. & G. E. R. Co. v. Fox et al., 41 Ill. 106; Reynolds v. Farrell, 86 Ill. 570, 576; Davidson v. Porter et al., 57 Ill. 300, 305.

Moreover, it may be noted that an agent's act is never implied by circumstances to be within the scope of authority vested in him, unless the act is, of itself, strictly usual and appropriate to the end which the agency contemplates. S. E. & T. Co. v. Green, *supra;* Garrells v. Morton, *supra;* Boltz v. Huston, *supra;* Proctor v. Tows, 115 Ill. 138, 149.

Since the plaintiff's right of recovery is dependent on proof that Clark was defendant's agent for the purposes claimed, and since the existence of such an agency is denied by the defendant, we respectfully submit that the law does not permit such agency to be established by the mere declarations of Clark; that it was error for the Circuit Court to have allowed that method of proof, and that the verdict can not be supported, the proof being of such a nature. Mullanphy Savings Bk. v. Schott, 135 Ill. 655, 668; Proctor v. Tows, 115 Ill. 138, 148; Derring v. Starr, 118 N. Y. 665; Maxey v. Heckethorn, 44 Ill. 437; Bowker v. De Long, 141 Mass. 315; Evansville & I. R. Co. v. Spellbring, 1 Ind. App. 167, 172; Rawson v. Curtis, 19 Ill. 456; Reynolds v. Farrell, *supra.*

APPELLEE's BRIEF, A. D. CURRIER, ATTORNEY.

As respects the liability of the principal to third persons for the acts and contracts of his agent, it is the apparent authority of the agent which controls; and it is the rule of law that the rights of third persons, who have reasonably and in good faith relied upon such apparent authority of the agent, can not be prejudiced by secret limitations or restrictions upon it, of which they have had no notice. Phenix Ins. Co. v. Stocks et al., 149 Ill. 335, 336; Crain et al. v. National Bank, 114 Ill. 526; Electric Life Ins. Co. v. Fahrenberg, 68 Ill. 468, 469; Doan v. Duncan, 17 Ill. 275; Jacobson v. Poindexter, 42 Ark. 97; Mechem on Agency, pp. 180, 183, 535.

If the principal by his acts and conduct, or by his negligent omission, leads third persons, acting reasonably and in

good faith, to believe that his agent possesses authority to conduct a certain business or a certain course of business, then, as to such third persons, he does possess it; and the principal is responsible, not only for the acts of the agent in the exercise of powers directly conferred, but also for all the acts of the agent in excess of such authority, which are incidental to those powers, but not prohibited.    Mechem on Agency, pages 181, 183, 535; Phenix Ins. Co. v. Stocks et al., *supra;* Home Life Ins. Co. v. Pierce, 75 Ill. 435; Crain v. National Bank, *supra;* Brett v. Bassett, 63 Iowa, 340; Over v. Schiffling, 102 Ind. 191; Story on Agency, Secs. 126–133.

Persons dealing with an agent can not know, nor are they required to know, the limitation upon his power to represent his principal, when he is acting within the general scope of his authority; and the presumption of law is that one known to be an agent is acting within the scope of his authority.    Phenix Ins. Co. v. Stocks et al., *supra;* Brett v. Bassett, *supra;* Electric Life Ins. Co. v. Fahrenberg, *supra;* Mechem on Agency, 179, 181, 535.

It is a fundamental rule of the law of agency that the principal is liable for the acts of his agents when such agent is acting within the general scope of his authority, with a view to the furtherance of his principal's business, even if the particular acts done are in violation of his instructions.    L. S. & M. S. R. R. Co. v. Brown, 123 Ill. 177; C., M. & St. P. R. R. Co. v. West, 24 App. 44; 125 Ill. 323; Doan et al. v. Duncan, *supra;* Mechem on Agency, pp. 179, 535.

The *prima facie* measure of damages in an action by an employe for wrongful discharge is the amount of wages agreed upon, and if a deduction from said amount is claimed by defendant on account of compensation received in other employment, the burden of proof is on the defendant to show what plaintiff actually earned or might have earned by the exercise of reasonable diligence in seeking for work in a similar employment.    School Directors v. Kimmel, 31 Ill. App. 537; Moline Plow Co. v. Booth, 17 Ill. App. 575; Brown v. Board of Education, 29 Ill. App. 572; Howard v. Daly, 61 N. Y. 362.

In an action by an employe for a wrongful discharge, when defendant desires to have the amount of damages reduced on account of earnings received by the plaintiff in other employment, the burden of proof is on the defendant to show not only what earnings, if any, were actually received by plaintiff, but the evidence produced must also furnish to the court and jury sufficient data from which the amount of said earnings can be definitely and correctly estimated. Fuller v. Little, 61 Ill. 25; Gates v. School District, 57 Ark. 370; Van Winkle v. Satterfield, 58 Ark. 623; Toplitz v. Ullman, 20 N. Y. Supp. 50; 2 Sutherland on Damages, p. 474.

The presumption of law is where a person resides with relatives as a member of the family, and receives his maintenance for services rendered, without specific contract of employment, both the services rendered and the maintenance received are gratuitous. Ginders v. Ginders, 21 Ill. App. 522; Dunlap v. Allen, 90 Ill. 108; Fruitt v. Anderson, 12 Ill. App. 421; Jared v. Van Vleet, 13 Ill. App. 334.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee sued for damages sustained by him in being discharged from the service of the appellant as a ticket seller, before his term was at an end. He was engaged by one Clark, who was assistant to the chief inspector in the department of admissions, of the appellant.

There is no dispute that Clark engaged the appellee for six months, at a salary of $75 per month, but it is alleged that Clark's authority was to hire men from month to month only. It is a part of the case, not disputed, that within his authority, among the terms of the employment of the appellee, was, that he was to wear a uniform to be furnished by the appellant, for which he was to pay $30 by deducting $5 per month from his salary, and at the end of his term the $30 were to be paid to him, and he was to retain the uniform. Also, that a surety company was to give a bond, with what condition does not appear, in the sum of $2,500, at the expense of the appellant, but upon references to be furnished by the appellee. Also that a pass book for six

months, with his photograph upon it, was furnished to him for which he paid one dollar. Also that Clark said to a body of applicants for employment who were in the room at the same time that appellee was, that those who did not want to work for six months could step out.

Now, as it was a fact of world-wide notoriety that the Exposition was to continue six months, common business prudence required that employes should be engaged for that term, so that the management would not be embarrassed by men, who had learned their duties, quitting, to be replaced by others who would have to learn. If Clark, in fact, did not have authority to employ for six months—and there is no evidence in the record of what instructions, verbal or written, he was acting under, only the naked statement by the chief inspector that Clark did not have the authority—certainly he had, from all the circumstances, such an appearance of authority as justified the appellee in assuming, and acting upon the assumption, that Clark had the authority to engage employes for the term that the exposition was to remain open.  Hurd v. Marple, 10 Ill. App. 418; Pardridge v. La Pries, 84 Ill. 51.

The appellee was discharged at the end of three months, for no fault, but for economical reasons. How much of value he received for his time during the next three months is left, by the evidence, wholly to conjecture.

That it was something substantial is, doubtless, true, but the burden was upon the appellant to show something specific, upon which the jury could fix some amount as a deduction from his salary. No such showing being made, the jury gave the appellee his full salary. In that feature the case resembles Fuller v. Little, 61 Ill. 21.

All criticism upon the action of the court in giving and refusing instructions, is based upon the hypothesis that there was no evidence that Clark had authority to engage the appellee for six months. Holding, as we do, that the appellee was justified in assuming that Clark had such authority, we find no error, and the judgment is affirmed.