## World's Columbian Exposition v. F. E. Crandall.

## Same v. Richard S. Barnum.

1. CONTRACT—*For Services—Hiring at a Monthly Rate.*—A hiring at a monthly rate does not of itself alone constitute a hiring from month to month, when from the other terms of the contract it is to be ascertained that the hiring was for a longer term.

**Assumpsit,** for services, etc. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 24, 1895.

WALKER & EDDY, attorneys for appellant.

R. A. BURTON, attorney for appellees.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

These causes, although not consolidated, were tried together below, and came here upon one bill of exceptions by appeal from separate judgments.

The appellees were ticket sellers at the World's Fair grounds, and the suit in each case was to recover salary for the unexpired term of their alleged contract of employment, from August 15th, when they were discharged, until October 31, 1893.

The question is whether the contract of employment was from month to month, or for a term ending with the Exposition, on October 31st. No question is made but that the appellees were discharged in pursuance of a necessity that arose to reduce the force and expenses of the appellant, and not because of fault on the part of appellees.

It would not serve any useful purpose to set forth in this opinion the circumstances surrounding the hiring of these men, nor what was written and said to them as a preliminary to their hiring.

We may concede that, as testified by Mr. Higinbotham,

the president of the appellant and a member of the Bureau of Admissions, the instructions of that department to its superintendent, Mr. Tucker, were to employ men by the month, and not for a fixed period of time, and that "the employment of men by the month was the rule throughout the Exposition," and yet not relieve the appellant from liability upon the contract that was actually made with the appellees.

No such instructions or rule was ever made known to the appellees. The superintendent of the Bureau of Admissions, Mr. Tucker, within whose department the employment of ticket sellers came, and his chief inspector, Captain De Remer, were held out by the appellant to the appellees, and for that matter, to all other persons seeking like employment, as being authorized to contract with them in the matter, and there is nothing in the record that would require the appellees to look further, or suggest to them the expediency, even, of doing so.

And we may further concede that the hiring was at a salary of $75 per month.

A hiring at a monthly rate does not of itself alone constitute a hiring from month to month, where from the other terms of the contract it is to be ascertained that the hiring was for a longer term.

We think, considering all that was said and done, which we do not think it necessary to repeat, that the contract made by these parties bound the appellees to an engagement until the close of the Exposition, and the rule is well understood that where one party is bound for a fixed term, the other is also, in the absence of a reserved right to be found in the contract to terminate the engagement at an earlier time.

The facts concerning these contracts are fuller than in the cases of this same appellant v. Richards, and v. Thompson, 57 Ill. App. 601, 606, to which cases we refer, and disclose some matters more favorable to the appellant, but upon the whole record it is clear that the appellees were required to agree, as a condition of employment at all, to

remain for the entire period of six months, and that they did so agree, and that they were hired for that term.

While there are circumstances connected with the arrangements about uniforms and the giving of bonds, that contemplated a possible termination of employment before the close of the Exposition, they were only such as might well have been considered to have reference to a termination for fault, or inability, or for excusable cause, by appellees.

We think the judgment in each case should be affirmed, and it will be so ordered.