Dr. R. F. Stanton, Appellee, v. American Zinc Company, Appellant.

Opinion filed February 1, 1932.
Rehearing denied February 22, 1932.

WHITNEL & BROWNING, for appellant.

McGlynn & McGlynn, for appellee.

Mr. Justice Fulton delivered the opinion of the court.

The appellee, Dr. R. F. Stanton, sued and recovered a judgment in justice court against American Zinc Company, appellant herein.

On appeal to the circuit court of St. Clair county and on trial before a jury, the appellee recovered a verdict for $350. Motion for new trial was denied and judgment entered on the verdict. This appeal is prosecuted to reverse such judgment.

It is contended by appellant that the record does not disclose any testimony in support of either an expressed or implied contract on its part to pay for the services of appellee, who rendered medical and surgical services to John Recklein, one of appellant's employees.

The appellee introduced evidence to show that John Recklein received a rather serious injury to his right arm and hand in appellant's plant. He received some first aid treatment in the office of appellant and was immediately taken to St. Mary Hospital for further medical and surgical aid. The appellee received a call from someone and went immediately to the hospital where he performed a major operation on Recklein's arm and hand and afterwards attended him regularly for five months. No question is raised as to the reasonableness of appellee's bill for services. Appellant had a contract with the United States Fidelity & Guaranty Company for the payment of compensation to injured employees. After the injured man had been discharged from the care of the doctor he was told by Mr. Hagen, the cashier of the American Zinc Company, to see a Mr. Stanford about the settlement of his claim. Stanford was the representative of the Surety Company and made the settlement with Recklein.

At the time the claim was adjusted Recklein asked about the payment of the hospital bill and also the bill of appellee for medical and surgical services. He was told by Stanford that the aforesaid bills would be paid by them.

The chief controversy arises over the calling of appellee at the time of the injury. William Recklein, brother of the injured employee and a foreman of appellant, testified that he went into the main office of the company and told Mr. Hagen to call Dr. Stanton, the appellee, and not to let anybody work on his brother until Dr. Stanton got there; that he did not personally call the appellee, nor did he know who did actually send the message to the doctor. Hagen testified that Martin Recklein, another brother of the injured employee, insisted on them calling Dr. Stanton; that he told Martin he would call Dr. Griffith; that he did call Dr. Griffith and he was out, but that he did not call Dr. Stanton. Dr. Griffith testified to receiving a call; that he went to the hospital and notified John Recklein that if he had any other doctor he would have to pay the bill himself. His statements are denied by Recklein, by Dr. Stanton and one of the Recklein brothers. In this state of the proof can it be said that there was an implied promise on the part of appellant to pay for service of appellee?

It was the province of the jury to determine whether or not there was any protest made by appellant as to the calling of appellee and his continued services rendered to Recklein where there was a direct conflict of testimony on that point. Appellee supplied the needed medical and surgical attention to the employee continuing over a period of five months with the knowledge of appellant and without protest. When Recklein applied for settlement they sent him to the surety company, with whom they had a contract. There he was told that the bill of appellee would be paid by them.

We think that the evidence tends to establish the fact that appellee understood that he was employed by appellant through the call received at the time of the injury and the circumstances are such that if that was not the understanding of appellant they should have given him notice. *Pardridge v. La Pries,* 84 Ill. 51.

We think the surety company under the circumstances proven in this case was plainly the agent of appellant in making settlement with Recklein and further ratified the implied contract in their statements to him at the time settlement was made.

The judgment of the circuit court will therefore be affirmed.

*Affirmed.*