HEFFERLIN ET AL., RESPONDENTS, v. KARLMAN ET AL., APPELLANTS.

(No. 1,678.)

(Submitted October 15, 1903.   Decided November 16, 1903.)

*Appeal—Review of Facts — Conflicting Evidence—Open Accounts—Interest — Demand—Institution of Suit—Partnership—Pleading—Sufficiency of Allegations — Cure by Answer — Evidence — Variance — Leading Questions — Trial —Instructions—Province of Jury.*

| | |
|---|---|
| 29 | 139 |
| 30 | 318 |
| p30 | 349 |
| e30 | 350 |
| 30 | 392 |
| 30 | 413 |
| 29 | 139 |
| 29 | 346 |
| 29 | 555 |
| 29 | 139 |
| 31 | 454 |
| 29 | 139 |
| 34 | 298 |
| 29 | 139 |
| 35 | 95 |
| 35 | 171 |
| 29 | 139 |
| 37 | 536 |

1. A verdict based upon substantially conflicting evidence will not be disturbed on appeal.

2. A question asked in laying the foundation for the introduction of an account book, "whether or not this account book was kept in the regular course of business, and was made up at the time the items were purchased, or immediately thereafter," was merely preliminary, and within the sound discretion of the trial court to permit.

3. Under Civil Code, Section 3231, providing that every general partner is agent for the firm in the transaction of its business, and has authority in a proper manner to bind his copartners by agreement in writing, and Section 3250, making every general partner jointly liable with the others for all firm obligations, it was for the jury to determine whether a debt was created in the usual course of a firm business, and within the firm venture.

4. The institution of suit on an open account for goods sold is a demand for its payment.

5. Civil Code, Section 4280, providing that every person entitled to recover damages, certain or capable of being made certain by calculation, the right to recover which is vested in him on a particular day, may recover interest from that day, authorizes a recovery of interest on an open account from demand.

6. Where a complaint contains more than one count, introductory matter, such as the partnership capacity in which plaintiffs and defendants are brought into the action, need not be repeated after the first count.

7. A defective allegation of partnership is cured by an answer which, denying all other allegations, admits the firm relation.

8. An allegation that plaintiffs sold goods to defendants' employes under an agreement with defendants that they would pay plaintiffs the value thereof, retaining the amount out of the wages of such employes, sufficiently states an original promise on the part of the employers to pay for goods sold to the employes.

9. It will be presumed on appeal that an agreement within the statute of frauds, set forth in the pleadings, was in writing; there being nothing in the record to show the contrary.

10. Where a complaint states a cause of action, it cannot be attacked on appeal for defects which would have subjected it to a motion to make more specific, or to a special demurrer, in the absence of any objections to it in the court below.

11. Allegations in a complaint seeking a recovery for merchandise sold to defendants' employes under an agreement on defendants' part to pay therefor are not supported by proof of money paid out in cashing time checks for defendants, nor is evidence of such service admissible under such allegations.

12. In an action for merchandise sold to defendants' employes under a certain alleged agreement on the part of defendants to pay plaintiffs therefor, an instruction reviewed, and *held*, inapplicable to the proof adduced and also erroneous because not sufficiently stating the nature of defendants' alleged agreement to pay plaintiffs.

*Appeal from District Court, Park County; Frank Henry, Judge.*

ACTION by John W. Hefferlin and others against G. W. Karlman and another, copartners as Karlman & Jennings. From a judgment for plaintiffs, and from an order denying a new trial, defendants appeal. Modified in part, and reversed in part.

*Mr. John J. McHatton,* for Appellants.

Every general partner is the agent of the partnership in the transaction of its business, and has authority to do whatever is necessary to carry on such business in the ordinary manner. (Civil Code, Sec. 3231 *et seq.;* 17 Am. & Eng. Ency. of Law, 989, note 1.) He has no authority to do any act not within the scope of Section 3231, Civil Code. (See Section 3232, Civil Code.)

One member cannot be made liable for the acts of another within the scope of the partnership business unless it is proved that he assented to it or subsequently, with full knowledge of the facts, ratified it. (*Goodman* v. *White,* 25 Miss. 163; *Hotchin* v. *Kent,* 8 Mich. 526; *Clayton* v. *Hardy,* 27 Mo. 536; *Welles* v. *March,* 30 N. Y. 344; *Lang* v. *Carter,* 3 Ired. Law, 238; *Hendrie* v. *Berkowitz,* 37 Cal. 113; *Curry* v. *White,* 51 Cal. 530; *California Bank* v. *Sayre,* 85 Cal. 102; *Steinhart* v. *Fyhrie,* 5 Mont. 463.)

One partner has no authority to bind the firm to answer for the debt, default or miscarriage of another without express authority or subsequent ratification. In an action against a trading partnership the court will decide as a matter of law

whether the contract was within the implied powers of a partner, but as against a non-commercial partnership, each case must be decided upon its own facts, and in order to hold the firm it must be affirmatively established that the acting partner had the power to make the contract in question. (17 Am. & Eng. Ency. of Law, 994, note 14; *Judge* v. *Braswell,* 13 Bush (Ky.), 69, 26 Am. Rep. 185; *Pooley* v. *Whitmore,* 10 Heisk. (Tenn.), 626, 27 Am. Rep. 733.)

Unless it affirmatively appears that the giving of guaranties was necessary for the carrying on of the business of the firm in the ordinary way, one of the partners has no implied authority to bind the firm by them. (1 Lindley on Partnership, p. 138, notes; *Brettel* v. *Williams,* 4 Ex. 623; *Moran* v. *Prather,* 23 Wall. 492.)

A special promise to answer for the debt, etc., of another is invalid unless some note or memorandum thereof be in writing and subscribed by the party to be charged, or his agent. (Code of Civil Procedure, Secs. 3276, 3277; Civil Code, Sec. 2185; *King* v. *Benson,* 22 Mont. 256; 8 Am. & Eng. Ency. of Law, 673-684; *Luce* v. *Zeile,* 53 Cal. 54.)

An agent's declaration as to the terms of his authority are incompetent. (Civil Code, Sec. 3095; *Omaha, etc. Co.* v. *Tabor,* 21 Pac. 925-927; *Harker* v. *Dement,* 9 Gill. 16; *James* v. *Stockey,* 1 Wash. C. C. 330; *Wilson* v. *Harris,* 21 Mont. 374, 421-22.)

The earning of wages by the employes of the defendant being a condition precedent to the right of recovery upon the second count of the complaint (Civil Code, Sec. 1950 *et seq.*), the fact that the persons named therein had earned wages or that the defendants were indebted to them on account of wages, was a condition precedent to the right of recovery upon this count, and the same should have been pleaded. (Code of Civil Procedure, Sec. 746; 4 Ency. Pl. & Pr. pp. 627-632, 636; *Wolf* v. *Marsch,* 54 Cal. 228; Tiedman on Com. Paper, Sec. 26; *Moody* v. *Newmark,* 121 Cal. 446; 7 Am. & Eng. Ency. of Law (2d. Ed.),

117, notes; *Toombs* v. *Mining Co.,* 15 Nevada, 444; *Conrad Nat'l Bank* v. *G. N. Ry. Co.* (Mont.), 61 Pac. 1.)

The second count is defective in that a cause of action is not stated therein as required by law. Each cause of action must be complete in itself. (*McKay* v. *McDougal,* 19 Mont. 488-500; 4 Ency. of Pl. & Pr. p. 620; *Haskell* v. *Haskell,* 54 Cal. 260.)

Where instructions are contradictory upon a material point the judgment must on this account be reversed. (*Kelly* v. *Cable Co.,* 7 Mont. 77; *Flick* v. *Gold Hill Co.,* 8 Mont. 305; *Heilbronner* v. *Lloyd,* 17 Mont. 307.)

*Mr. John T. Smith,* for Respondents.

The second error specified is, that the court permitted a leading question to be asked the witness, Henry Hefferlin. The question was merely introductory, and designed to save time in unimportant parts of the evidence, and it was a matter of judicial discretion, and is not a ground upon which a verdict can be set aside. (Greenleaf on Evidence, 13 Ed. Vol. 1, Sec. 435; *Moran* v. *Abbey,* 63 Cal. 56; *People* v. *Clarry,* 72 Cal. 60.)

As to the objection that the second cause of action is not complete in itself, in the absence of any specified defect, it is sufficient to cite "Remedies and Remedial Rights," by Mr. Pomeroy, 2d Ed. Sec. 575; *McKay* v. *McDougal,* 19 Mont. 488.

The Civil Code of the state of Montana, Section 2231, provides that "Every general partner is the agent of the partnership in the transaction of its business, and has authority to do whatever is necessary to carry on such business in the ordinary manner," etc. In this case no special partnership was either pleaded or proven, and certainly there is nothing in the records to show that respondents had any notice of any limited partnership, if any there were. (*Lomme* v. *Kintzing,* 1 Mont. 290.)

It was the province of the jury to determine whether the purchase of the merchandise sued for, and the taking up of the time checks, was necessary to carry on the business of the appellants

in the ordinary manner. This rule is the same, whether applied to trading partnerships, or non-trading partnerships. (*Dowling* v. *The Nat'l Exchange Bank,* 145 U. S. 516, 36 L. 797; Lindley on Partnership, 2d American Ed. (Ewell), 361; *McDonald* v. *Clough et al.,* 14 Pac. 121; *Manville* v. *Parks et al.,* 2 Pac. 212; Greenleaf on Evidence, 13 Ed. Sec. 485.) ·

MR. COMMISSIONER CALLAWAY prepared the opinion for the court. · .

This is an appeal from a judgment entered against defendants upon the verdict of a jury, and from an order denying their motion for a new trial.

The complaint is in two counts, which we shall consider separately:

1. In the first count plaintiffs allege themselves to be copartners, and charge that a like relation exists between defendants. Then follows an allegation that between the 15th day of September, 1899, and the 21st day of December, 1899, the plaintiffs sold and delivered to the defendants, at their request, goods, wares and merchandise amounting to, and of the value of, $1,679.74, which sum the defendants agreed to pay plaintiffs, and that no part thereof has been paid. The defendants make general denial to this count, except that they admit themselves to be copartners.

Defendants assert that the evidence is insufficient to sustain the verdict. A discussion of the evidence in detail will serve no useful purpose. Suffice it to say that we have examined the record carefully, and find a substantial conflict upon all disputed points. The defendants, Karlman & Jennings, were railroad contractors engaged in building a railroad at Trail Creek, in Park county. At the trial the plaintiffs claimed that one Dunlevy was defendants' foreman, and that, as such foreman, he opened an account with them on defendants' credit, and with the understanding that Karlman, the partner immediately in charge of the business at Trail Creek, would make definite ar-

rangements concerning the account; that in about two weeks thereafter Karlman confirmed what Dunlevy had said, and authorized plaintiffs to furnish him what he wanted for his "camp." It was necessary to provide for a number of men who were in Dunlevy's charge. Plaintiffs introduced evidence tending to show that both Karlman and Jennings, after the commencement of the suit, acknowledged the correctness of the account, and said it should be paid. Plaintiffs' proof tended to show that Karlman's statements and agreements amounted to an original promise on the part of Karlman & Jennings—in other words, that defendants were the principals who dealt with plaintiffs. Defendants claimed that Dunlevy was not their foreman, but was merely a subcontractor, and denied that they, or either of them, had ever authorized the running of the account, or promised to pay it, or acknowledged its correctness. They contended that plaintiffs opened the account with Dunlevy as principal, and should look to him for their pay. The jury heard the testimony, observed the witnesses upon the stand, and found for the plaintiffs. This court will not undertake to disturb the verdict of a jury, predicated upon a substantial conflict in the evidence. (*Nelson* v. *Great Northern Ry. Co.,* 28 Mont. 297, 72 Pac. 642, and cases cited.) We shall therefore pass to some of the alleged errors of law occurring at the trial to which defendants took exception.

Counsel for plaintiffs offered in evidence an account book denominated "Exhibit A," to which defendants objected on the ground that no sufficient foundation had been laid to warrant its introduction. Then this question was asked: "I will ask you, Mr. Hefferlin, whether or not this account book was kept in the regular course of business, and was made up at the time the items were purchased, or immediately thereafter?" This qustion was objected to on the ground that it is leading. The court overruled the objection. The witness answered, "It was; yes, sir," and proceeded to testify at length concerning his method of keeping books as well as upon other matters. After a considerable period of time the book was offered in evidence

again without objection on part of the defendants. The question, however, was merely preliminary, and it was within the sound discretion of the court to permit it to be asked. Speaking on a similar point, the Supreme Court of California said: "Four or five specifications of error relate to rulings made by the court in denying objections by counsel for plaintiff to leading questions asked by counsel for Heffner in the direct examination of his witnesses. But these are not errors for which a new trial will be granted. We are not aware of any case in which a verdict has been set aside for the reason that leading questions, although objected to, have been allowed to be put to a witness. *Green v. Gould,* 3 Allen, 466; *Hopkinson's Adm'r v. Steel,* 12 Vt. 582; *Parsons v. Huff,* 38 Me. 137; *Mershon v. Hobensack,* 22 N. J. Law, 372. And the reason is that the examination of a witness in the trial of a case is a matter within the sound discretion of the trial court, who may, in the exercise of that judicial discretion, allow or disallow leading questions. Sections 2044-2046, Code Civ. Proc. A matter resting in judicial discretion is not reviewable in an appellate court; it is only the abuse of such a discretion of which we will take cognizance. In this case no such question is presented by the record." (*Moran v. Abbey,* 63 Cal. 56.)

Defendants also contend that the court committed error in allowing plaintiffs' witnesses to testify to conversations had with defendant Karlman, because, as they assert, "neither one of the partners had a right to assume any obligations of a third person, or promise to pay the indebtedness of a third person, so as to bind his copartner." Under plaintiffs' theory of the case, defendants did not assume any obligation of a third person, nor did they agree to pay a third person's indebtedness. Plaintiffs contend that the action of Karlman in agreeing to pay for all of Dunlevy's purchases was an original promise on the part of Karlman & Jennings. The goods which Dunlevy bought before Karlman came to plaintiffs' store were all paid for by Karlman on December 2d. The other goods were bought

after the alleged arrangement between the plaintiffs and Karlman was made.

Our Civil Code (Section 3231) provides: "Every general partner is agent for the partnership in the transaction of its business, and has authority to do whatever is necessary to carry on such business in the ordinary manner, and for this purpose may bind his copartners by an agreement in writing."

Section 3233 provides: "A partner is not bound by any act of a copartner, in bad faith toward him, though within the scope of the partner's powers, except in favor of persons who have in good faith parted with value in reliance upon such act."

It is not asserted by defendants that any of the acts of which they complain were tainted with bad faith, nor is there any allegation in defendants' pleadings that their partnership was not a general one. So far as the record discloses, they were general partners. "Every general partner is liable to third persons for all the obligations of the partnership, jointly with his copartners." (Civil Code, Sec. 3250.) It was within the province of the jury to determine from the evidence adduced whether the debt created was in the usual and ordinary course of defendants' business, and within the scope of their partnership adventure; and, if it was, the individual member who made the purchases had lawful authority to bind his partner thereby. (*Dowling* v. *Exchange Bank,* 145 U. S. 516, 12 Sup. Ct. 928, 36 L. Ed. 795.) "The general principle which lies at the foundation of a partner's liability is that every partner has full and absolute authority to bind all the partners by his acts or contracts in relation to the business of the firm, in the same manner and to the same extent as if he held full powers of attorney from all the members." (*Manville* v. *Parks,* 7 Colo. 128, 2 Pac. 212.)

Defendants say that the court erred in giving instruction No. 1, in which the jury are told that if they find from the evidence that plaintiffs did sell and deliver to the defendants, at their request, goods, wares and merchandise, as set forth in the complaint, and that the defendants had not paid therefor, they

should find for the plaintiffs, state in their verdict the value of the goods sold, not to exceed the sum mentioned in the first count, and allow interest thereon at the rate of 8 per cent. per annum from December 22, 1899. Special objection is made to that portion of the instruction which refers to the allowance of interest. This involves a question of considerable importance. As observed above, the suit is brought upon an open account for goods, wares and merchandise alleged to have been sold to defendants by plaintiffs between September 15, 1899, and December 21, 1899. So far as the record shows, plaintiffs made no demand upon defendants for payment after December 21st and prior to the commencement of this suit. Of course, the beginning of the suit was a demand; but we are unable to ascertain from the record when it was begun, as the case was tried upon the amended complaint, which was filed March 17, 1900. We have two sections in the Civil Code which treat of interest upon accounts. Section 2585, as amended by Act approved February 28, 1899 (Sess. Laws 1899, p. 125), reads as follows: "Unless there is an express contract in writing fixing a different rate, interest is payable on all moneys at the rate of eight per cent. per annum after they become due on any instrument of writing except a judgment, on an account stated, and on moneys lent or due on any settlement of accounts from the date on which the balance is ascertained, and on moneys received to the use of another and detained from him. * * *" This section, it will be noticed, in so far as it relates to accounts, applies when the amount due the creditor is determined—when a balance is ascertained. From such time a certain sum of money is due the creditor.

Section 4280 reads as follows: "Every person who is entitled to recover damages certain or capable of being made certain by calculation, and the right to recover which is vested in him on a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law or by the act of the creditor from paying the debt."

Does this section apply to a case like the present? We conclude that it does. What, then, is the "particular day" from which the plaintiffs are entitled to charge interest? Speaking of interest upon open, running accounts, Mr. Sutherland, in his work on Damages (Section 322), says: "Where there is no definite credit the parties deal upon the assumption by the debtor that, although he has no claim to forbearance, yet payment will be requested, and on part of the creditor that the account has no time to run, and will be paid on demand. Hence interest is not payable before demand, for the same reason that it is never payable, except by agreement, while the debtor has a right to retain the money. In such cases it is not payable on the ground of default until the creditor has put the debtor under a present duty by rendering the account or requesting payment." We are therefore of the opinion that, as interest does not begin to run upon an open account until a demand has been made for the payment thereof, the plaintiffs may not be allowed interest in this action prior to the beginning of the suit, in the absence of allegation and proof of a prior demand.

There is no merit in any of the other objections made by defendants to the instructions, with the exception of instruction 2, which applies to the second count only.

2. As to the second count. This reads as follows: "For other and further cause of action, the plaintiffs complain and allege that being partners as aforesaid, and the defendants, G. W. Karlman and M. Jennings, being partners doing business as Karlman & Jennings, the plaintiffs, between the 15th day of September, 1899, and the 21st day of December, 1899, under and by virtue of an agreement entered into between the plaintiffs and the defendants, sold and delivered to divers employes of the defendants goods, wares and merchandise of the amount and of the value of one hundred and sixty-five dollars and ninety-five cents, with the agreement and understanding with the said defendants that they, the said defendants, would pay the plaintiffs the value of said goods, wares and merchandise so sold to their employes, retaining the amount thereof out of

the wages of such employes"; that, under said agreement and understanding with the defendants, the plaintiffs sold and delivered goods to the said employes of the defendants; and then follows a list of persons to whom plaintiffs allege they sold the goods, with amounts. Then this allegation: "That the plaintiffs, under said agreement with the defendants, took and have assignments of the time checks of the several parties to whom they sold goods aforesaid, as evidence of payment under said agreement with the defendants, and that each and all of the several sums so paid became and were due December 21, 1899, and that the plaintiffs are entitled to the sum of $165.95. That no part thereof has been paid to plaintiffs." The amounts of goods which these employes are alleged to have purchased are the same in amount as the time checks mentioned. It is claimed by defendants that said count does not state facts sufficient to constitute a cause of action for two reasons.

The first objection is that the plaintiffs' allegation, "For other and further cause of action, the plaintiffs complain anl allege that, being partners as aforesaid, and the defendants, G. W. Karlman and M. Jennings, being partners doing business as Karlman & Jennings," is an insufficient statement of the respective partnership relations, which is not cured by reference to the first count by use of the words "as aforesaid."

The rule announced in *McKay* v. *McDougall,* 19 Mont. 488, 48 Pac. 988, does not extend so far as to compel the repetition of mere formal matters. "It should be held to embrace those material and issuable facts *  *  * which constitute the cause of action." Introductory matter, such as the character in which the plaintiffs and defendants are made parties to an action, need not be repeated in a succeeding count or cause of action. See Pomeroy's Code Remedies, 575, referred to in *McKay* v. *McDougall, supra.*

In their answer to the second count, defendants, while denying all of the other allegations of said count, admit themselves to be copartners, and thus supply the alleged defect, so far as their own partnership relation is concerned.

Defendants also claim that plaintiffs' pleading is obnoxious under the rule laid down in *Conrad National Bank* v. *Great Northern Ry. Co.*, 24 Mont. 178, 61 Pac. 1, because "it is not alleged in the second count of the complaint that the defendants agreed to pay for the amount of goods sold to the alleged employes, but were to retain the same out of their wages." The allegation is, "with the agreement and understanding with the said defendants that they, the said defendants, would pay the plaintiffs the value of said goods, wares and merchandise so sold to their employes, retaining the amount thereof out of the wages of such employes." In the case at bar it reasonably appears that the defendants agreed to pay for the goods sold their employes by plaintiffs, "retaining the amount thereof out of the wages due the employes." The rule laid down in *Conrad National Bank* v. *Great Northern Ry. Co.*, supra, is that "either the express promise should be alleged, or the facts from which it may be implied, as that the credit was extended to the employer, and not to the employe." It seems from this pleading that the plaintiffs, upon the agreement, looked to the defendants, and not to the employes, for the payment of the alleged amounts. The undertaking of the defendants was therefore an original promise.

But conceding that the agreement alleged in this count would be within the statute of frauds unless in writing, we must presume it to be a written agreement, there being nothing to show the contrary. (*Sweetland* v. *Barrett*, 4 Mont. 221, 1 Pac. 745; *Mayger* v. *Cruse*, 5 Mont. 485, 6 Pac. 333.)

So far as we can ascertain from the record, no objection was made to this pleading in the court below, and while it is loosely drawn, and would have been subject to a motion to make more specific, or to a special demurrer under Subdivision 7, Section 680, Code of Civil Procedure, it does state a cause of action, and cannot be attacked by defendants, on account of the defects they urge at this time.

The only testimony in support of this second count is substantially as follows: The witness Dunlevy testified: "The papers

which you now show me, marked Exhibits D to F, have my signature attached to them. I signed them all as Ralph Dunlevy, contractor. The word 'Contractor' was printed on them. I did not sign Karlman & Jennings, by their foreman, because it was not necessary. I say these checks were signed by me." The time checks were in the following form:

No. 395.          Karlman & Jennings, R. R. Contractors.
                                      Butte, Montana, Dec. 18, 1899.
Mr. Donnelly has worked 12.6 days in the month of December at $2.50 per day.
Total ................................................. $31 50
Less deductions for board............................. 13 50
Less deductions for merchandise....................... 4 30
Less deductions for hospital.......................... 50
    Total deductions ....................................          $18 30
    Balance due ........................................          13 20
                              Ralph P. Dunlevy, Contractor.
Payable................
Subject to legitimate corrections.

At the time they were offered in evidence, defendants objected to their introduction, but the objection was overruled. Thereafter Dunlevy, being called by defendants for further cross-examination, testified as follows: "I told Karlman that we had to issue time checks for the purpose of getting money to pay the men off, and he said it was all right; and I asked Henry Hefferlin if he would cash the time checks, and he said he would." Counsel for defendants then moved to strike out this evidence for the reason that it is not alleged in the complaint that the plaintiffs cashed any of the time checks for the defendants, Karlman & Jennings, or either of them, and the suit is not brought for cash paid out or expended. The court overruled the motion. It is evident that this was error. There was a fatal variance between defendants' proof and the allegations of the pleadings. Moreover, plaintiffs utterly failed to support this count by any material testimony whatsoever. The defendants claim the evidence is insufficient to justify a verdict upon this count, and of this contention there can be no doubt. Under this state of facts, the court erred in giving instruction No. 2, which reads as follows: "The court instructs the jury that the plaintiffs have sued the defendants in the second count of their complaint for goods, wares and merchandise delivered by them to

various employes of the defendants, amounting in the aggregate to the sum of one hundred and sixty-five dollars and ninety-five cents ($165.95), for which it is alleged in the amended complaint herein that the defendants agreed to pay to the plaintiffs. And if the jury find and believe from the evidence that under such agreements the plaintiffs had taken up and had duly assigned to them certain time checks, then you will find for the plaintiffs for the amount of the time checks paid by them, not to exceed the sum mentioned in the second count of their complaint, as shown by the evidence, together with interest thereon at the rate of 8 per cent. per annum from December 22, 1899." This instruction is not applicable to the proof adduced. It is also subject to criticism because it does not sufficiently state to the jury the nature of defendants' alleged agreement to pay plaintiffs.

We are therefore of the opinion that this case should be remanded to the district court, with directions to modify the judgment founded upon the first count by computing interest on the sum of $1,679.74 at the rate of 8 per cent. from the date of filing the complaint, provided that be not prior to December 22, 1899, that being the date from which interest is claimed in the prayer of the complaint; when so modified that the judgment and order should be affirmed; and that as to the second count, the judgment and order should be reversed and a new trial ordered.

PER CURIAM.—For the reasons given in the foregoing opinion it is ordered that this cause be remanded to the district court with directions that the judgment founded upon the first count be modified by computing interest therein from the date of filing the complaint, provided that be not prior to December 22, 1899, and upon the entry of the judgment as modified, the judgment and order be affirmed; and as to the second count, that the judgment and order be reversed and a new trial granted.

MR. JUSTICE MILBURN : I concur, except as to the time when interest should run, under the statute, on an open account. As

stated in the opinion, said Section 4280 applies to this case, but I cannot agree with the majority of this court in adopting the conclusion of the commissioners that " 'the particular day' from which the plaintiffs are entitled to draw interest" is the day of filing the complaint. The day of the right of recovery is not vested in the creditor on the day of filing the complaint, but when the goods are sold and delivered, in the absence of an agreement to the contrary. The day of the right to recover the price and the day of the right to recover interest are the same, or the language of the section means nothing, in my opinion. I cannot discover that Mr. Sutherland, whose language is cited in the opinion, was discussing any such statute as Montana has. In the absence of an agreement to pay interest after demand, and only thereafter, I incline to the view that the debtor is liable for interest from the day when the creditor has the right to sue; not merely from the day, when he actually sues. I think the judgment and order of the district court as to the first cause of action should be affirmed *in toto*. I concur as to the second cause of action.

