HEFFERLIN ET AL., RESPONDENTS, *v.* KARLMAN ET AL.,
APPELLANTS.

(No. 1,844.)

(Submitted March 28, 1904.   Decided May 9, 1904.)

*Appeal—Disposition of Demurrer—Failure of Record to Show
—Witness—Cross-Examination.*

1.  When the record on appeal fails to show whether appellant's demurrer to
    the complaint was overruled or withdrawn, the failure to sustain it cannot
    be reviewed.
2..  Error in refusing to permit cross-examination of plaintiffs' witness as to
    the extent of his admitted interest in the suit is not ground for reversal,
    where other evidence shows that, for purposes of collection, -the witness
    had assigned to plaintiffs his account against defendants, which constituted
    one of the causes of action.
3.  Cross-examination should not be unduly restricted.

*Appeal from District Court, Park County; Frank Henry,
Judge.*

ACTION by John W. Hefferlin and others against G. W.
Karlman and M. Jennings, copartners as Karlman & Jennings.
From a judgment for plaintiffs, and the denial of a new trial,
defendants appeal.   Affirmed.

*Mr. John J. McHatton,* for Appellants.

*Mr. John T. Smith,* for Respondents.

MR. COMMISSIONER CALLAWAY prepared the follow-
ing opinion for the court:

The plaintiffs brought this action against the defendants,
Karlman & Jennings, copartners, with whom was joined one
Harkins.   Harkins defaulted.   Karlman & Jennings alone
resisted the action, and we shall refer to them hereafter as the
defendants.   Trial was to a jury, which found for the plaintiffs,
whereupon the court entered judgment in their favor.   Defend-

ants then moved for a new trial, which was overruled. From the judgment and order overruling their motion for a new trial, they have appealed.

This case is similar in many respects to *Hefferlin* v. *Karlman,* 29 Mont. 139, 74 Pac. 202, and the decision therein disposes of a number of the points upon which defendants rely. That case was tried in September, 1900; this, in March, 1901.

1. The complaint contains three counts or causes of action. Defendants interposed a demurrer thereto, which their counsel insists should have been sustained. It was directed to each count, alleging that there is a misjoinder of parties defendant to the action; that each of the counts fails to state a cause of action, and is uncertain, for reasons stated; and that the third count is ambiguous as well as uncertain. The record fails to show what action the court took upon the demurrer. Did the court overrule the demurrer, or did defendants withdraw it and answer over? We cannot say. This matter, therefore, is not before us for review.

2. In the first count, plaintiffs allege that between the 5th day of November, 1899, and the 13th day of December, 1899, one Walter M. Hoppe did and caused to be performed labor and services for the the defendants, at their request, in excavating and removing earth on the roadbed of the railroad then being constructed along Trail creek, in Park county, Montana, to the amount and of the value of $1,428.18; that thereafter, and on the 20th day of December, Hoppe and the defendants had a settlement of their accounts, and it was mutually agreed between them that the defendants owed and stood indebted to Hoppe in that sum of money; that thereafter, and on that day, Hoppe assigned the account to plaintiffs; and that no part thereof has been paid. These allegations were denied by defendants.

Whether the judgment in favor of plaintiffs is correct, turns upon the question as to Harkins' position with reference to the things done. Was he an agent of the defendants, or was he a subcontractor under them? The evidence discloses that the

dealings of Hoppe and his agent, Fitzgerald, were mainly with Harkins. Upon this issue the evidence was conflicting, and the jury settled it by finding for plaintiffs. (*Hefferlin* v. *Karlman, supra.*) On cross-examination the witness Hoppe said: "I had nothing to do with bringing this lawsuit against the defendants. I have an interest in the result of this lawsuit." Then counsel for defendants asked: "What is the extent of your interest in this lawsuit?" An objection to this question was sustained. This was error, but we do not consider it prejudicial, under the facts disclosed in the record. Hoppe admitted his interest in the suit, and the witness John W. Hefferlin, referring to Hoppe's account, had testified: "When the suit was brought, Mr. Fitzgerald came over to the office, and wanted to put it in with our account to save costs to himself." Defendant Karlman testified: "Walter Hoppe said to me he was sorry he left over his account to Hefferlin Bros., or else it might have been paid by this time." It is thus apparent that the jury clearly understood the extent of Hoppe's interest, and was thus enabled to weigh properly his credibility as a witness. (Code of Civil Procedure, Sec. 3123.)

We again call attention to the rule that cross-examination should not be unduly restricted. (*Kipp* v. *Silverman,* 25 Mont. 296, 64 Pac. 884; *Cobban* v. *Hecklen,* 27 Mont. 245, 70 Pac. 805.)

3. The issues presented upon the second count need not be discussed, because our views thereon are fully set forth in *Hefferlin* v. *Karlman, supra.*

4. The third count in the present case is substantially similar to the second count in *Hefferlin* v. *Karlman, supra,* which the court held stated a cause of action. In that case it was held that the evidence introduced at the trial was inapplicable to the pleadings, and that there was a fatal variance between the pleadings and the proof. In the case at bar we find that there was evidence tending to sustain the allegations of the third count. At any rate, the defendants have failed to point out any particular in which it does not. The jury passed upon the

evidence presented by plaintiffs and defendants, and found for the former.

5.    We have carefully examined the instructions, and find that defendants have not pointed out any reversible error therein.

Finding no prejudicial error in the case, we are of the opinion that the judgment and order should be affirmed.

Per Curiam.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.