FILED

09/06/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0553

DA 14-0553

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 226

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

WILLIAM ALAN SAYLER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                    In and For the County of Missoula, Cause No. DC-13-526
                    Honorable Karen Townsend, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Chad W. Wright, Chief Appellate Defender, Chad R. Vanisko, Assistant
                Appellate Defender, Helena, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Pamela P. Collins, Assistant
                Attorney General, Helena, Montana

                Kirsten H. Pabst, Missoula County Attorney, Jordan Kilby, Deputy
                County Attorney, Missoula, Montana

Submitted on Briefs:  August 10, 2016

Decided:  September 6, 2016

Filed:

                          Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     William Alan Sayler ("Sayler") appeals from his March 12, 2014 conviction by a jury of the offense of Partner or Family Member Assault, Third or Subsequent Offense, § 45-5-206, MCA, in the Fourth Judicial District Court, Missoula County.  We affirm.

¶2     We restate the issues on appeal as follows:

> *Issue One:  Did the District Court abuse its discretion when it admitted evidence of Sayler's other crimes or acts under the transaction rule, § 26-1-103, MCA?*

> *Issue Two:  Did the District Court abuse its discretion when it allowed the State to ask leading questions of Fawna Rainforth?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     On October 18, 2013, the State charged Sayler with two counts of Partner or Family Member Assault, Third or Subsequent Offense, both felonies.  These charges arise from allegations that on or about September 25, 2013, and on or about September 30, 2013, Sayler purposely or knowingly caused bodily injury to Fawna Rainforth ("Fawna"), a partner or family member.  The State alleges that during an altercation between Fawna and Sayler, Sayler yelled at Fawna, pushed her down repeatedly, grabbed her throat so tightly she could not breathe, and took her car.

¶4     Fawna is a disabled adult who had a sexual and dating relationship with Sayler.  In September 2013, Fawna allowed Sayler to stay at her home and use her car.  On September 30, 2013, Fawna and Sayler fought and yelled after she asked him to stop using her car and to give her the keys.  Sayler refused to give Fawna the keys and pushed her down, where she fell over some boxes.  Fawna got up and again asked for the keys

and Sayler pushed Fawna down again. As she got up and asked for her keys a third time, Sayler grabbed her by the throat with his hands so tightly that she could not talk or breathe. Fawna had bruising on her chin, chest and arm as well as a cut on her hand. After the assault, Sayler took Fawna's car.

¶5     Fawna's friend and neighbor noticed Fawna's bruising and reported it to the police. During the police interview Fawna also informed the officer that on or about September 25, 2013, Sayler assaulted her by hitting her twice which resulted in some of her bruises.

¶6     When interviewed by the officer, Sayler stated that on September 30, 2013, Fawna had been upset and had taken his cell phone; when he asked for it back she came at him, grabbing his arm. Sayler admitted to pushing Fawna in self-defense, which caused her to fall over a set of boxes. Sayler asserted Fawna gave him permission to take her car after the incident. Sayler was charged with two counts of partner or family member assault and arraigned on October 29, 2013.

¶7     Prior to trial, Sayler filed a Motion in Limine to exclude his criminal history, including all convictions and all charges excluding the present one; allegations of uncharged criminal or bad acts by Sayler; any other 'prior bad acts' evidence not specifically identified but intended to be introduced by the State; and any evidence not produced in discovery. Sayler argued the evidence of him yelling at Fawna and taking her car was evidence of prior bad acts and therefore barred by M. R. Evid. 404(b). Further, Sayler argued the probative value of the evidence was substantially outweighed by the risk of unfair prejudice to him. M. R. Evid. 403. The State argued it was

3

admissible transaction evidence necessary to understand the nature of the parties' relationship and was inextricably linked to the charged offense. Section 26-1-103, MCA.

¶8 On March 10, 2014, the District Court concluded Sayler's criminal history would be excluded unless he opened the door to warrant admission as rebuttal evidence. However, under M. R. Evid. 404(b) and the related § 26-1-103, MCA (transaction rule), the District Court also held the State could introduce evidence of other or prior bad acts, specifically that Sayler was yelling at Fawna during either assault and that after one of the assaults he took Fawna's car. The District Court concluded these acts were evidence of motive and intent; thus, they were admissible under M. R. Evid. 404(b) relevant to Sayler's justifiable use of force defense and admissible under § 26-1-103, MCA, as transaction evidence.

¶9 At trial, Sayler's defense counsel objected to the State's direct questioning of Fawna, asserting the State was leading Fawna regarding how she received bruising on her chin. The District Court overruled the objection indicating that "under the circumstances, I'm going to permit some mild leading in this case."

¶10 Sayler's jury trial took place on March 12, 2014, and he was found guilty on count one for conduct occurring on September 30, 2013, and not guilty on count two for conduct occurring on September 25, 2013.

## STANDARD OF REVIEW

¶11 "A district court has broad discretion when determining the relevance and admissibility of evidence," and this Court reviews district court evidentiary rulings for an abuse of discretion. *State v. Given*, 2015 MT 273, ¶ 23, 381 Mont. 115, 359 P.3d 90. A

4

district court "abuses its discretion if it acts arbitrarily or unreasonably, and a substantial injustice results." *City of Kalispell v. Miller,* 2010 MT 62, ¶ 9, 355 Mont. 379, 230 P.3d 792. Where the district court's ruling is based on an interpretation of an evidentiary rule or statute, this Court reviews the ruling de novo. *See State v. Lamarr*, 2014 MT 222, ¶ 10, 376 Mont. 232, 332 P.3d 258.

## DISCUSSION

¶12 *Issue One: Did the District Court abuse its discretion when it admitted evidence of Sayler's other crimes or acts under the transaction rule, § 26-1-103, MCA?*

¶13 Sayler contends the District Court abused its discretion when it admitted evidence that he yelled at Fawna and took her car after the September 30, 2013 altercation. Generally, "all relevant evidence is admissible" unless otherwise provided by law. M. R. Evid. 402. Section 26-1-103, MCA, provides "where the declaration, act, or omission forms part of a transaction which is itself the fact in dispute or evidence of that fact, such declaration, act, or omission is evidence as part of the transaction."

¶14 This court has held that § 26-1-103, MCA, allows transaction evidence when acts are inextricably linked and explanatory of the charges. *State v. Guill,* 2010 MT 69, ¶ 36, 355 Mont. 490, 228 P.3d 1152; *see also State v. Bauer*, 2002 MT 7, ¶ 22, 308 Mont. 99, 39 P.3d 689 ("It is well established that evidence which tends to explain circumstances surrounding the charged offense is relevant, probative and competent."). This Court determined that the transaction rule "is most legitimately used to admit uncharged misconduct when such conduct arises from a continuing series of events." *Guill,* ¶ 45. Moreover, this Court has been careful in limiting the transaction rule's application and

5

subjecting it to fact-specific balancing under M. R. Evid. 403.  *See Lamarr*, ¶ 14. M. R. Evid. 403 allows the court to exclude otherwise admissible and relevant evidence when its prejudicial effect substantially outweighs its probative value.  *Lamarr*, ¶ 14 (citing *State v. Hardman*, 2012 MT 70, ¶ 16, 364 Mont. 361, 276 P.3d 839).  It is within the trial court's discretion to decide whether the danger of unfair prejudice substantially outweighs the probative value of the evidence.  *State v. Hicks*, 2013 MT 50, ¶ 24, 369 Mont. 165, 296 P.3d 1149.

¶15 In this case, the facts that Sayler was yelling at Fawna and took her car after the altercation are inextricably linked to and explanatory of the facts regarding the nature and power dynamic of the relationship.  *Guill,* ¶ 36.  Moreover, the altercation which resulted in the charges, and taking the car were all part of a "continuing series of events," which explained the circumstances of the charges.  *Guill,* ¶ 45.  The District Court properly admitted evidence that Sayler yelled and then took Fawna's car under the Montana transaction rule.

¶16 Sayler failed to follow the proper procedure for precluding evidence.  *State v. Eighteenth Jud. Dist.,* 2010 MT 263, ¶ 49, 358 Mont. 325, 246 P.3d 415.  However, the District Court analyzed this evidence and determined it was relevant to Sayler's justifiable use of force claim and the probative value did not substantially outweigh the danger of unfair prejudice.  The District Court did not abuse its discretion when it found that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.

¶17    *Issue Two: Did the District Court abuse its discretion when it allowed the State to ask leading questions of Fawna Rainforth?*

¶18    Sayler contends the District Court abused its discretion when it allowed the State to ask leading questions of Fawna on direct examination. "Leading questions should not be used on the direct examination of a witness except as may be necessary to develop the witness' testimony." M. R. Evid. 611(c); *State v. Eiler*, 234 Mont. 38, 45, 762 P.2d 210, 215 (1988). The well-established exception to using leading questions is within M. R. Evid. 611(c). This exception recognizes the use of leading questions on direct examination with a "child witness or an adult with communication problems." Commissions Comments to M. R. Evid. 611, (quoting Advisory Committee's Note to Federal Rule 611(c), 56 F.R.D. 183, 275 (1972), citing 3 Wingmore on Evidence, §§ 774-78 (Chadbourn Rev. 1970)). Most importantly, "leading questions may be asked if necessary to develop testimony . . . and whether or not they will be allowed is a matter for the trial court's discretion." *Bailey v. Bailey*, 184 Mont. 418, 421, 603 P.2d 259, 261 (1979); *see also State v. Spotted Hawk*, 22 Mont. 33, 64-65, 55 P. 1026, 1035 (1899); *Hefferlin v. Karlman*, 29 Mont. 139, 145, 74 P. 201, 202 (1903) ("[E]xamination of a witness . . . is a matter within the sound discretion of the trial court, who may, in the exercise of that judicial discretion, allow or disallow leading questions.").

¶19    In this case, the District Court properly allowed the State to use leading questions to elicit testimony from Fawna. The exception in M. R. Evid. 611(c) allowed the State to use leading questions because there was ample evidence at trial that Fawna was an adult with communication problems, including her developmental disability, mild mental

7

handicap, and confusion about time and place.  The District Court did not abuse its discretion.

## CONCLUSION

¶20     For the foregoing reasons, the defendant's conviction is affirmed.


/S/ MIKE McGRATH


We Concur:

/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ LAURIE McKINNON