| 61 | 21 |
|---|---|
| 23a | 369 |
| 61 | 21 |
| 36a | 656 |
| 61 | 21 |
| 137 | 545 |
| 61 | 21 |
| 139 | 78 |
| 61 | 21 |
| 54a | 658 |
| 57a | 605 |
| 61 | 21 |
| 75a | 186 |

NORTHERN GRAND DIVISION.

SEPTEMBER TERM, 1871.

HENRY FULLER

*v.*

JOHN Z. LITTLE.

1. EVIDENCE—*its admission.* Where it is claimed that a person employed a stage manager for the season at $60 per month, it was not error to admit evidence of the acts done by the agent in the fall in reference to the business of the next year, when the acts were done with the knowledge or approval of the employer, as tending to show that the agent was employed for the season.

2. INSTRUCTIONS—*evidence.* Where such evidence is admitted, and the court instructed the jury that it should not prejudice defendant unless the acts were authorized or ratified by him: *Held,* that the evidence could have worked defendant no harm.

3. An instruction which informed the jury that if defendant employed plaintiff for a specified time, and defendant committed a breach of the contract whereby plaintiff was prevented from serving for the period he was employed and he thereby suffered loss, he was entitled to recover the salary which defendant agreed to pay for the time for which he was hired, less the amount of net earnings the evidence showed he had made during the time for which he was hired : *Held*, in view of the evidence before the jury, that this instruction could not have misled the jury and worked no wrong to defendant.

4. DAMAGES—*reduction thereof.* Where there is such an engagement, and the employer violates the agreement and prevents its fulfillment, he is liable for the wages during the time, and it is for him to prove that plaintiff has been actually employed in other profitable business, or that such employment had been offered to and rejected by him, to entitle him to a reduction of damages. And where a defendant fails to prove that the plaintiff was or could have been so employed, and the evidence is vague and indefinite as to plaintiff's earnings during the time so that the jury could make no estimate of the amount, the judgment will not be reversed because no deduction was allowed.

5. NEWLY DISCOVERED EVIDENCE. Where it appears, from the affidavits filed in support of a motion for a new trial because of newly discovered evidence, that it is only cumulative and indecisive, a new trial should not be granted.

6. PRACTICE—*new points for a re-argument.* Where a case has been argued and decided on the points presented, a rehearing will not be granted on new questions raised for the first time in the petition, unless it be to prevent manifest injustice.

APPEAL from the Circuit Court of Cook county ; the Hon. HENRY BOOTH, Judge, presiding.

Messrs. GRANT & SWIFT, for the appellant.

Messrs. MERIAM & ALEXANDER, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by Little against Fuller to recover damages for breach of a contract alleged to have been made between the parties by which the plaintiff agreed to pay the defendant a year's salary at the rate of $60 per week in consideration of the defendant's services as stage manager

at a place of amusement called Wood's Museum, in the city of Chicago. The defendant sold the museum on the 1st of August, 1869, and the question in this case was, whether he had previously engaged the plaintiff for the season, commencing on the 1st of August and terminating on the 1st of the next July. The jury found for the plaintiff, assessing his damages at $2800.

The first error assigned is, that the court admitted illegal evidence. The plaintiff was acting as stage manager for the defendant at the time of the sale, and the court permitted him to show what steps he had taken to carry forward the business during the next year. If these acts of the plaintiff were done under the direction or with the knowledge or approval of the defendant, they were very material in aiding the jury to pass upon the question at issue. They related to the correspondence of the plaintiff and advertisements by him for the purpose of forming a dramatic company for the next year, and if, in all this, he was acting under the direction of the defendant, the presumption would be reasonable that an engagement had been made between them. The plaintiff testified positively to his own engagement, and that he acted, in making his arrangements for the coming season, under the express directions of the defendant. The court properly admitted the evidence, and after the defendant had contradicted, on the stand, the statements of the plaintiff, the court instructed the jury that the former was not to be prejudiced by the acts of the plaintiff in making engagements with authors or theatrical persons unless the defendant had authorized or ratified his acts. This instruction placed this evidence in its proper light before the jury, and the appellant can not justly complain of the ruling of the court.

It is next urged that the court erred in giving the second instruction for the plaintiff, which was as follows:

"The jury are further instructed that if they believe, from the evidence, that the defendant entered into a contract with

the plaintiff, as stated in the declaration, and committed a wrongful breach of such contract with the plaintiff, whereby the plaintiff has suffered loss, the rule of damages in this case, and the amount the plaintiff is entitled to recover, is the amount of salary which the defendant agreed to pay the plaintiff, if any such agreement or amount is shown by the evidence, for the entire time for which he hired him, less the amount of the *net* earnings, if any shown by the evidence, made by the plaintiff during the time for which he was so hired."

The objection taken to this instruction is in the use of the phrase "net earnings." That this phrase in such connection would be objectionable in some cases, is very clear. Whether it worked the defendant any injury in this instance depends upon its application to the evidence, and the mode in which the jury must necessarily have understood it. The only testimony as to the earnings of the defendant was the following statement by himself:

"After the 1st of August I was around town for some time, not knowing what to do scarcely. Finally I got a company together; some gentlemen put in some money, and we went out traveling; we were out some two weeks, when the parties became dissatisfied who had the capital and left.

"I borrowed money to carry on the company; when I got back I was some hundreds of dollars in debt; I was gone about four months, I should judge; all my jewelry was gone —my watch and chain, and my wife's watch and chain and jewelry.

"I was not able to get into a paying position that season. It would be impossible for me to tell how much I earned through the year; I earned nothing over and above my expenses; I put my name on the books of various agencies and applied for engagements; accepted two engagements, such as they were."

In reference to this evidence, so far as it relates to the pecuniary success of the plaintiff while traveling in the country

as the head of a theatrical company, the use of the phrase "net earnings" was not improper. The jury would necessarily understand it as referring to the receipts above the expenditures, the excess being to the plaintiff what his salary would have been under the alleged engagement with the plaintiff. It is true, the plaintiff's testimony implies that he earned, through at least a part of the year, his personal expenses, and if the evidence had shown what these expenses were, they would have been a legitimate subject of deduction from the salary alleged to have been lost. But the rule in actions of this character is, that the burden of proof is on the defendant to show the plaintiff has either been actually engaged in other profitable employment or that such employment had been offered to him and rejected. 2 Greenlf. Ev. sec. 261 a, and cases cited in note. The evidence in this case furnished no data upon which the jury could base an estimate of the plaintiff's earnings. The statement that for a part of the year he made his personal expenses, with no proof whatever as to their amount, left the jury so utterly in the dark that any attempt on their part to estimate such expenses would have been a mere blind conjecture. It can only be said that, on this point, the defendant wholly failed to make out his defense, and he can not call upon us to reverse a judgment on the ground that the instruction was inaccurate in confining deductions to net earnings when there was no evidence upon which the jury could properly have made a deduction for earnings of any sort.

It is urged that the verdict was against the evidence and that a new trial should have been granted upon the affidavit of newly discovered evidence. The evidence was voluminous and contradictory, and presents a case in which the court can not interfere with the verdict because unsustained by the testimony. The newly discovered testimony, as set forth in the affidavits, was simply cumulative and altogether indecisive.

*Judgment affirmed.*

At the September term, 1872, of the court, appellant filed a petition for a rehearing, but it was overruled and the following opinion was filed:

Per CURIAM: A petition for rehearing has been presented , in this case, and it is asked chiefly on the ground that the suit was commenced before the expiration of the year after making the contract, and the damages were assessed for the entire year. It is sufficient to say that this point was not made upon the argument, and there was nothing said to direct the attention of the court to the date when the suit was commenced. After a case has been fully argued and correctly decided upon the questions made by counsel, we can not grant a rehearing for the sake of allowing new questions to be argued, unless it is necessary to do so in order to prevent great injustice. In the present case, the question, now for the first time raised, goes merely to the reduction of damages, and it is evident, from the record, was not raised in the court below.

*Rehearing refused.*