KEYSER, RESPONDENT, *v.* REHBERG, APPELLANT.

[Submitted June 16, 1895.   Decided June 22, 1895.]

CONTRACT—*Breach—Quantum Meruit.*—Where defendant employed plaintiff as a foreman upon his ranch for one year under a contract by which the plaintiff was to receive as his compensation all the proceeds of the ranch products in excess of a certain sum, but before the expiration of the year the plaintiff, without fault of his own, is compelled to leave the ranch through the assaults, threats and orders of the defendant, he may recover upon *quantum meruit* for the services rendered to the time when defendant's conduct made the completion of the contract impossible.

*Appeal from First Judicial District, Lewis and Clarke County.*

ACTION to recover for services rendered. Plaintiff had judgment below. Defendant's motion for a new trial was denied by HUNT, J. Affirmed.

*C. W. Fleischer* and *Sydney Sanner,* for Appellant.

*C. B. Nolan* and *Leon A. LaCroix,* for Respondent.

Performance by plaintiff having been rendered impossible by the act of the defendant, plaintiff not being in fault, he may recover upon a *quantum meruit.* (*Helem* v. *Wilson,* 28 Am. Dec. 336; *Duncan* v. *Baker,* 21 Kan. 99; Bishop on Contracts, §§ 1441 to 1447; 3 Am. and Eng. Enc. of Law,

921; *Moulton* v. *Frask*, 9 Metc. 577; *Felton* v. *Dickenson*, 10 Mass. 287; *Baker* v. *Corey*, 19 Pick. 496; *Isaacs* v. *McAndrews*, 1 Mont. 437; *United States* v. *Behan*, 110 U. S. 168.)

PER CURIAM.—This is an action for work, labor, and services alleged by plaintiff to have been rendered to the defendant as a superintendent or foreman upon the ranch of the defendant. The defense set up in the answer was that plaintiff and defendant made a contract by which the plaintiff should conduct the affairs of the ranch for a year, and that defendant should receive $1,000 from the products of the ranch for that year, and that all over that sum should belong to the plaintiff. The replication of plaintiff admits that the contract between the parties was substantially similar to that alleged in the answer, and pleads further that before the completion of the contract the defendant ordered the plaintiff to leave the ranch, and drove him away by the use of dangerous weapons.

It appeared by the evidence that a serious altercation took place between the parties before the termination of the year. The defendant, in his testimony, endeavored to make it appear that he was not greatly in fault, while the plaintiff's testimony was that defendant ordered him absolutely away from the premises, and assaulted him with a plowshare, and threatened to run him through with a pitchfork, and also threatened an attack with an iron rod. The testimony of the plaintiff was that he was compelled to leave the ranch by reason of the conduct of the defendant. There is ample evidence in the record to sustain the plaintiff's position,—that he was driven from the ranch by the assaults, threats, violence and orders of the defendant, and that he did not leave through any fault of his own.

If the defendant, by his own conduct, made it clearly impossible for the plaintiff to complete the contract which had been made between the parties, the plaintiff may recover upon *quantum meruit* for the services which he had performed up to the time when the defendant made it impossible for plaintiff to continue work under the contract.

The trial was before the court without a jury, and the court evidently believed the testimony of the plaintiff, and found for plaintiff in the value of his services as a laborer upon the ranch.   The court also allowed a counterclaim of $171 in favor of the defendant.

The evidence is ample to sustain the judgment and the decision.   The appeal is from the judgment, and also from an order denying a new trial.   There is no judgment in the record in the case, and that appeal must be dismissed.   The order denying a new trial is affirmed.

*Affirmed.*