## DE REMER v. BROWN et al.

(Supreme Court, Appellate Division, First Department. January 20, 1899.)

1. CONTRACTS—PERFORMANCE—SUFFICIENCY OF EVIDENCE.

A dam built by plaintiff for defendants, which had been approved by an engineer, subsequently gave way during a cloud-burst, which caused the water to rise 12 feet above the ordinary surface of the stream. There was no evidence that the dam was improperly constructed or that defective material was used. *Held*, in an action on the contract, that defendants were not entitled to have the question of insufficiency of dam go to the jury.

2. SAME—LIABILITY OF PARTIES—AGENCY.

Where a party to a contract under seal assumes a personal liability for the payment of the contractual obligation, and there is nothing in the contract to show that he was acting for another, and the company for which

he claims to have been acting was not in existence at the time the contract was made, he is personally liable, although the contract was for the benefit of such company.

**8. SAME—ESTOPPEL—DENIAL OF AGENT'S AUTHORITY.**
   Where defendants, sued on a contract, admit in their answer that the contract was made, and claim that they were not personally liable on it because it was made for the benefit of another, they cannot escape liability on the ground that the person who made the contract for them had changed the terms without authority.

Action by James R. De Remer against William Brown and another. Verdict for plaintiff, and defendants moved for a new trial upon exceptions, which were directed to be heard in the first instance in the appellate division. Exceptions overruled.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Byron Traver, for the motion.
Thomas D. Adams, opposed.

PATTERSON, J. The plaintiff sued, as assignee of J. R. De Remer & Co., to recover stipulated compensation to be paid that firm under a contract for building a dam across the Canadian river, in New Mexico. The contract was under seal, and was executed by De Remer & Co., of the one part, and in the name of Brown & Wells (the defendants), by Edwin H. Kellogg, as their agent, of the other part. Two causes of action are set out in the complaint: The first, to recover as above stated; and the second, for damages caused by an alleged failure of the defendants to carry out fully the terms of the contract obligatory upon them. On the trial the second cause of action was abandoned. On all the proofs on the first cause of action the trial judge directed a verdict for the plaintiff, and ordered that the exceptions of the defendants be heard in the first instance at the appellate division. These exceptions relate to two subjects of inquiry: First, as to the liability of the defendants; the contention in that behalf being that they are under no individual liability, but that the attitude in which they stood to the contract and its subject-matter was merely representative, and was so known to, and understood by, the plaintiff and his assignors. The second contention is that the plaintiff's assignors failed to perform the contract as required by its stipulations; that the work, so far as performed, was so defective and insufficient in strength that it was carried away and destroyed by the water of the river. Upon the second branch of the defendants' case, they suggest, although it was not made the subject of serious argument before us, that there was something to go to the jury. An examination of the whole case upon the subject convinces us that the evidence on this topic was insufficient to require a jury to pass upon it. There was no proof that the dam was badly constructed, or that the material of which it was built was unsuitable for the structure. The work consisted of a pile and loose-rock dam, about eight feet above the bed of the river, with a dyke ten feet high, connecting the same with a small bluff. When the work was finished, the engineer's certificate of approval was made and given. The dam subsequent-

ly gave way. There is no evidence to show that it was from in-
herent weakness or from improper construction, nor anything that
would falsify the engineer's certificate. There is evidence to show
that the destruction was caused by a storm or cloud-burst, which
caused the waters of the river to rise a great many feet over the
top of the dam. After the water had subsided, logs were found
lodged in trees 12 feet above the ordinary surface of the stream, and
great boulders had been moved considerable distances below the
face of the dam. Had the evidence upon this subject been sub-
mitted to the jury on the issue of nonperformance, and a verdict
been found against the plaintiff, it would have been the duty of
the judge at once to set it aside. Therefore he was right in not
submitting it.

On the subject of the liability of the defendants under the con-
tract, the appellants' argument is based upon matters extrinsic to
the instrument itself. Much correspondence and detail of nego-
tiations preceding the execution of the written instrument has been
resorted to, in the effort to show that although the defendants, by
a contract under seal, bound themselves to the plaintiff's assignors,
yet there was no enforceable obligation assumed. The defendants
claimed on the trial, and now claim, that they were merely acting
as agents. But that position is unavailable to them. By the terms
of the contract, they assumed a personal liability. They admit the
making of the contract. There is no question on the pleadings of
the authority of Kellogg to execute it. The second paragraph of
their amended answer is as follows:

"Admit the making of the contract set forth in paragraph 2 of said com-
plaint, but deny that the same was made and executed by these defendants,
or any one acting for them, as individuals and in their own behalf, and allege
that said contract was made and executed by these defendants acting solely
as agents and attorneys for the New Mexico Land & Irrigation Company, a
corporation of the state of New Jersey, as will appear from said contract;
all of which was then and there well known to the plaintiff and his co-partner,
Nichols."

That paragraph contains an admission that the contract set forth
in the complaint was made. There is a denial that it was made
and executed by the defendants, or by any one acting for them, as
individuals or in their own behalf; but that is coupled with the
allegation that the contract was made and executed for the defend-
ants, acting solely as agents and attorneys for the particular cor-
poration therein mentioned, and they appeal to the contract itself
as showing the truth of that allegation. Upon this state of the
answer, all that was necessary for the plaintiff to do was to in-
troduce the contract in evidence. That was done, and its provi-
sions clearly show that the defendants were assuming the personal
obligation of contracting parties with the firm of De Remer & Co.
They bound themselves personally to make the payments. Whether
the contract was eventually for the benefit of the unnamed com-
pany referred to in it could make no difference in the enforcement
of an obligation assumed by a contract under seal, even if that ob-
ligation were to pay for work to be done for the third party. "The
New Mexico Land & Irrigation Company, a corporation of the state

of New Jersey," is not mentioned in the contract, nor is there in the proofs anything outside of the contract which could bring legitimately that corporation in as a party to it.

In the original answer interposed in the case (and which forms part of the record before us), the allegation of the second paragraph is the same as the second paragraph of the amended answer, with the exception that it is there alleged that the defendants were acting as agents and attorneys for the "Bell Ranch Land & Irrigation Company, a corporation of the territory of New Mexico." All that is to be inferred respecting any other party than the plaintiff's assignors and the defendants being interested is from the use of the word "company" in that part of the contract which relates to performance and the penalty for nonperformance. Neither the corporation mentioned in the original answer nor that mentioned in the amended answer could have maintained an action on the contract against the plaintiff's assignors. They were not in privity in any way. The obligations of the contract were assumed by the defendants, not by the corporations. It is perfectly clear that the defendants intended to and did assume all its obligations, and there was no corporation in existence that could assume them when the contract was made.

The defendants have sought to show that Kellogg was given authority only to make for them a contract in accordance with particular plans orally agreed upon between them and him; but they can derive no benefit from that claim, for the reason, again, that they by their answer have admitted the making of this contract, and have only claimed that which it was incumbent upon them to show, if peradventure they might do so, that they were not bound as individuals to that very contract. There is no proof to change the legal obligations they assumed to the plaintiff's assignors under that contract.

The disposition made of the case by the court below was right, and the exceptions must be overruled, and judgment directed for the plaintiff on the verdict, with costs. All concur.