C. A. HAMILL, Appellant, v. HENRY BAUMHOVER.

**Land Sale Commission Contract:** ENFORCEABLE PURCHASE CONTRACT: *Jury question.* In an action by a real estate broker to recover compensation for furnishing a purchaser for defendant's land, where a part of the consideration to be paid was an exchange of homestead property owned by the customer, it was error to direct a verdict for defendant on the ground that the contract could not be specifically enforced for the reason that the husband did not join in this contract with the wife, who owned the land, nor in the offer to convey, where there was evidence tending to show that they both executed the contract, as well as the deed offered in performance, and that they were ready and willing to perform; since such question should have been submitted to the jury.

MODIFICATION OF PURCHASE CONTRACT: *Harmless error.* In an an action by real estate broker to recover compensation for procuring a customer for one who wished to exchange property, where defendant claimed, that under the contract of employment plaintiff was not to receive compensation unless the exchange was consummated, and plaintiff claims that he was only bound to furnish a customer who was willing and able to exchange on terms satisfactory to defendant, striking out evidence showing a modification by mutual consent of the contract of exchange between defendant and the customer furnished by plaintiff was without prejudice to plaintiff, since such modification would not tend to show inability to perform on the part of either.

**Plea and Proof:** AGENCY. Where, in an action on a contract, th answer admits the contract, but alleges terms materially different from the contract set out in the complaint, defendant cannot object that it is not shown that the agent who it is shown made the contract in his behalf had authority to do so.

*Appeal from Carroll District Court.*—HON. S. M. ELWOOD, Judge.

FRIDAY, JANUARY 26, 1900.

ACTION at law to recover commissions as a real-estate broker. Defendant answered, joining certain issues, and, at the close of the evidence on behalf of the plaintiff, the defendant's motion for a verdict was sustained, and verdict

and judgment rendered accordingly in favor of the defendant. Plaintiff appeals.—*Reversed.*

*Geo. W. Bowen* and *M. W. Beach* for appellant.

*Salinger & Korte* for appellee.

GIVEN, J.—I. Plaintiff's petition and amendments thereto contain three counts, the first and second being substantially the same, and claiming under an alleged oral contract, and the third claiming under the *quantum meruit.* The case was tried upon the claim that there was an oral contract, and therefore the claim on the *quantum meruit* will not be further noticed. The substance of the petition and amendments is as follows: That about the first day of April, 1895, the defendant and one P. J. Hamill, a real-estate broker, entered into an oral contract, whereby it was agreed that if said Hamill should furnish a purchaser, or person who would trade other land for defendant's property, known as the "Red Oak Mill Property," on terms to be agreed upon by defendant and such person, the defendant would pay the said Hamill a commission of five hundred dollars; that said Hamill did furnish one Phoebe J. Friese as such customer, and that the defendant and said person did agree upon and enter into a contract for the exchange of said mill property for other property; that said P. J. Friese was at all times thereafter able, willing and ready to carry out said agreement; that by reason of said facts defendant became indebted to said P. J. Hamill in the sum of five hundred dollars, no part of which had been paid; and that said claim was orally assigned to the plaintiff by said P. J. Hamill before the commencement of this action, and that plaintiff is the owner thereof; wherefore she asks judgment. The defendant answered, denying generally, and in an amendment alleges that P. J. Hamill executed an order for said claim to one Minchen, which was intended as a transfer of said claim; that in an action on said order by Minchen against P. J.

Hamill and this defendant the case was dismissed as to this defendant, and adjudication was had therein against said Hamill. A verdict being ordered at the close of plaintiff's evidence, no testimony was offered in support of the allegations in this amendment, and it is not involved in the present inquiries; hence it need not be more particularly stated nor further referred to. The defendant filed a second amendment "for answer to the petition of the plaintiff, and to each and every amendment to said petition," and denying each and every allegation contained therein. Following this, he further answers as follows: "Further answering, the defendant states and alleges that he contracted with the said P. J. Hamill to sell and trade his Red Oak Mill property to said Friese, and that said P. J. Hamill was to receive the sum of five hundred dollars as commission for the same if he consummated a sale and transfer of his property to the said Friese, and on terms satisfactory to said defendant; that the said P. J. Hamill was in no event to receive any commission or compensation unless an actual sale was made and trade completed, and said defendant had actually made a transfer of his property to said Friese, and the contract between him and the purchaser, Friese, had been carried out in full in all its conditions and agreements, and been executed in toto; that said P. J. Hamill at no time fulfilled said contract as entered into between him and this defendant, nor did this defendant and the said Friese execute and discharge the contract entered into between Friese and this defendant." The plaintiff replied, denying the allegations of the answer and amendments not specifically admitted. We gather from these pleadings the issues to be as follows: Whether the oral agreement with P. J. Hamill was that he was to receive five hundred dollars commission when he furnished a person able, willing, and ready to exchange properties with the defendant on terms acceptable to the defendant, or whether he was only entitled to such compensation when an exchange

was completed; also, whether P. J. Hamill performed the contract that was made on his part. The oral agreement with P. J. Hamill was made by the defendant's son on behalf of his father, and question is made in argument as to his authority to do so, but the answer admits that there was a contract, and that the parties only differ as to its terms. There is no dispute but that P. J. Hamill did procure one C. W. Friese, who was acting for his wife, Phoebe J. Friese, to enter into negotiations with the defendant for an exchange of said mill property for certain lands in Arkansas, and that said negotiations resulted in their entering into a written contract expressing the terms of exchange agreed upon.

II. It appears that C. W. and P. J. Friese resided on the land in Arkansas, and that the negotiations on their part were first had through one Eli Agnew, who was authorized to act for them. Mr. Agnew, having testified to the execution of the written contract of exchange, testified that the provision for the payment of five hundred dollars by the Frieses on the first day of September was subsequently modified, so that only two hundred and fifty dollars was to be then paid, the other two hundred and fifty dollars to be paid on the first day of October following. Defendant moved to strike this evidence, as changing the terms of the contract, as incompetent, immaterial, oral, and without consideration; which motion was sustained, and of this plaintiff complains. We fail to discern wherein the plaintiff was prejudiced by this ruling. Whether the contract of employment was as claimed by the plaintiff or by the defendant, the parties to the contract of exchange had a right to modify that contract, and doing so by mutual agreement would not tend to show inability to perform upon the part of either. We think the plaintiff was not prejudiced by the ruling.

III. Defendant's motion for a verdict was upon two grounds, namely: That the contract entered into for the

exchange of properties "could not be specifically performed in equity;" also, that Mrs. Friese did not perform, or tender performance of, the contract. The first ground is based upon the fact that Mrs. Friese owned the Arkansas land, that she and her husband had a homestead therein, and that they did not join in the contract for an exchange nor in the offer to convey. This claim is not well founded, as there is evidence strongly tending to show, not only that they did join in the written contract, but also in the execution and acknowledgment of the warranty deed to the defendant for the Arkansas land, and that they were ready to, and did offer to, deliver said deed to the defendant. There is evidence tending to show that the failure to carry out the contract of exchange was because of the defendant's inability to make title to the mill property, as he had agreed. We see no reason why the contract of exchange was not enforceable in equity. There is evidence tending to show that Mrs. Friese was ready, able, and willing to perform her part of the contract, and that, through her husband, acting for her, she paid two hundred and fifty dollars, which was received on the contract, and that she made timely offer to fully perform the same. We are of the opinion that under the evidence the issues should have been submitted to the jury. Defendant's counsel insist that, if any other ground than those set up in his motion appear in the record to warrant the ordering of a verdict for the defendant, the action of the court in doing so must be sustained; and it is insisted that there was failure to show authority in defendant's son to enter into the oral contract employing P. J. Hamill. As already said, the admission in the answer leaves no such question in the case. Our conclusion is that the court erred in sustaining the defendant's motion for a verdict.—REVERSED.

GRANGER, C. J., not sitting.