McFARLAND, Respondent, v. WELCH, Appellant.

(No. 3,287.)

(Submitted October 21, 1913.  Decided November 1, 1913.)

[136 Pac. 391.]

*Contracts—Preventing Completion—Complaint—Insufficiency—*
*Remedies—Election—Measure of Damages—Instructions.*

Contracts—Preventing Completion—Complaint—Insufficiency.
  1.  Complaint in an action to recover on a contract which plaintiff claimed he was prevented by defendant from fully performing, *held* insufficient for lack of allegation that defendant's interference was wrongful, or a showing that his failure to complete the contract was excusable.

Same—Remedies—Election.
  2.  Where full performance of a contract is prevented by the wrongful interference of one party, the other may treat such wrongful act as a breach of the contract and at once sue for damages arising from loss of the benefits which would reasonably have followed a complete performance on his part, showing that he was injured by the breach, and the extent of his injury; or treat the contract as at an end and sue upon a *quantum meruit* for the part already performed.

Same—Breach—Nominal Damages, When.
  3.  Mere breach of a contract does not, in the absence of allegation showing injury and intent thereof, warrant recovery for more than nominal damages.

Same—Measure of Damages—Failure to Instruct—Reversible Error.
  4.  Failure to instruct the jury as to the measure of damages recoverable in an action on a contract is reversible error.

*Appeal from District Court, Missoula County; F. C. Webster, Judge.*

Action by Ambrose McFarland against J. J. Welch.  Judgment for plaintiff and defendant appeals from it and an order denying him a new trial.  Reversed and remanded.

Cause submitted on briefs of counsel.

*Messrs. Chas. H. Hall.* and *A. N. Whitlock,* for Appellant.

*Messrs. Welling Napton* and *V. S. Kutchin,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In plaintiff's complaint as originally presented he alleged that in May, 1910, he entered into a contract with defendant

by the terms of which he agreed to perform work and labor for defendant in skidding, hauling, and loading logs and ties, and in scaling the logs, for which defendant agreed to pay $7 per thousand for the work so done upon the logs, sixteen cents for each tie so handled, and $25 per month for scaling, amounting in the aggregate to $1,320; that he commenced work immediately, "and afterward, to-wit, on the 8th day of December, 1910, completed the contract so far as the terms and conditions were to be performed by plaintiff"; that no part of the contract price had ever been paid except the sum of $420; and that there remained due $900, for which amount judgment was demanded.

The answer denies generally all the allegations of the complaint; pleads an entirely different contract, an abandonment of it by plaintiff, and a counterclaim for $688.72 for goods, wares, merchandise, and cash furnished to plaintiff at his special instance and request. All of the affirmative allegations in the answer and counterclaim were put in issue by reply. Upon the trial plaintiff amended his complaint by adding after the word "plaintiff" in the portion quoted above the following: "To this date, and would have entirely performed the same had he not been prevented by act of this defendant." The trial resulted in a verdict and judgment in favor of plaintiff for $500, and defendant appealed.

The complaint as amended does not even charge that plaintiff [1] was prevented from completing his contract by any *wrongful* act of defendant. If the act was rightful, plaintiff cannot complain upon any theory. If he seeks to justify his failure to complete the work under the contract, he must set forth the facts and circumstances constituting such excuse, to the end that the court may determine whether the acts of which complaint is made were wrongful, and therefore constitute an excuse, or whether they were rightful, and justify the defendant. These rules are elementary, and their enforcement necessary in order that issues may be framed for trial, and the defendant apprised of the charge he is called upon to meet.

There is not any conceivable theory upon which the complaint, as it now stands, can be construed into the statement of a cause of action. If it be assumed that it was the purpose [2] of the pleader to charge a wrongful interference by defendant, and that that was plaintiff's theory of his case, then he had at least two remedies available to him:

(1) He could treat the defendant's wrongful act as a breach of the contract, and sue at once for damages arising from his having been prevented from reaping all the benefits and advantages which would reasonably follow a complete performance on his part, and the measure of his recovery would be the difference between the contract price and the expense to him of doing the work. (Sec. 6048, Rev. Codes.) But plaintiff did not choose this alternative. He does not state what portion of the entire contract he had performed, what amount remained to be done, what, if anything, is due to him for the portion already performed, or what, if any, profits or advantages to him were within the reasonable anticipation of the parties when the contract was entered into. Of course, if plaintiff could not reasonably expect any profit or advantage from completing the enterprise, he was not injured by the interruption. He does not allege any [3] breach by defendant; but, if he did, that of itself would not warrant recovery for more than nominal damages. (*Jacobs Sultan Co.* v. *Union Mercantile Co.,* 17 Mont. 61, 42 Pac. 109.) He must disclose that he was injured as the consequence of such breach and the amount or extent of such injury. (*Mergenthaler Linotype Co.* v. *Kansas State Printing Co.,* 61 Kan. 860, 59 Pac. 1066.)

(2) He could treat the contract as at an end, and sue upon a *quantum meruit* for the work already done (*Keyser* v. *Rehberg,* 16 Mont. 331, 41 Pac. 74); but he did not do so. His failure to state what amount of the contract work he had performed renders it impossible to determine the extent to which he should recover.

That a party who has been wrongfully prevented from completing his contract has his election between the two remedies

just considered, the authorities all agree (3 Page on Contracts, sec. 1569; 9 Cyc. 688); but some go further and add a third alternative, *viz.*: He may stand by in readiness to perform until the term of the contract has expired, and then sue upon the contract. This third rule is recognized in *Isaacs* v. *McAndrew*, 1 Mont. 437, in *Lake Shore & M. S. Ry. Co.* v. *Richards*, 152 Ill. 59, 30 L. R. A. 33, 38 N. E. 773, and in some other authorities. Whatever may be said of it, plaintiff in this instance has not sought to invoke it. He does not allege that the term of his contract had expired when his action was instituted; on the contrary, the filing mark upon his complaint discloses that he commenced this proceeding immediately after the alleged interference. He never can invoke it, for his testimony discloses that, according to his theory, his contract had not expired—indeed, that the time for performing a substantial part of it had not arrived.

The foregoing observations presuppose an entire or indivisible contract, and, in so far as any theory of the plaintiff can be adduced from his complaint, it is that the agreement upon which he relies is an entire contract. Of course, if the contract was severable, or if plaintiff was seeking relief under section 4926, Revised Codes, he would be compelled, in the one instance, to disclose the proportion of the work performed, and, in the other, the matters contemplated by the section of the Code, just mentioned.

In its instructions the trial court failed altogether to advise the jury of the measure of plaintiff's recovery in the event that [4] he prevailed. Ordinarily, this would constitute reversible error, for it leaves the jury to determine the amount of their verdict by mere guesswork, and in this present instance the amount returned by the jury only serves to emphasize the fact that the jurors were at sea without chart or compass. There is not any evidence to justify a verdict for $500. It does not respond to plaintiff's demand, nor to his proof; but the trial court's failure was fully justified, for it was impossible to determine from the amended complaint the theory of plaintiff's case or the

amount to which he was entitled, if entitled to recover at all. But we are disposed to afford plaintiff an opportunity to state a cause of action, if he can do so by amendment or otherwise.

The judgment and order denying defendant a new trial are reversed, and the cause is remanded for further proceedings.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.