HURLEY, Appellant, *v.* GREAT FALLS BASEBALL ASSN., Respondent.

(No. 4,236.)

(Submitted January 5, 1921.   Decided January 22, 1921.)

[195 Pac. 559.]

*Master and Servant—Contracts of Employment—Breach—Measure of Damages—Defective Complaint—Cured by Answer—Surplusage—Statute of Frauds—Presumptions.*

Complaint—When Good as Against Demurrer or Objection to Evidence.
1. If the allegations of a complaint warrant a recovery by plaintiff in any amount and upon any admissible theory, it will withstand a general demurrer or an objection to the admission of evidence.

Defective Complaint may be Cured by Answer.
2. A complaint defective in that it omits a necessary allegation may be cured by the answer, and, if the answer contains a necessary curative allegation, it will be treated as if incorporated in the complaint.

Contract of Employment—Defective Complaint Cured by Answer.
3. In an action for damages for breach of a contract of employment as captain, manager and first baseman of a baseball club, defendant's answer that it discharged the plaintiff "from defendant's employment," *etc.*, under the above rule cured the complaint, which was defective in that it only alleged that plaintiff was discharged as captain and manager, and did not allege that he was discharged from the employment.

Written Contract—May be Modified, How.
4. Under section 5067, Revised Codes, a written contract is subject to alteration or modification by a subsequent agreement in writing or by an executed oral agreement.

Same—Statute of Frauds—Presumption on Appeal.

5.  A contract which must have been in writing in order to be effective will be presumed on appeal to have been in writing, nothing to the contrary appearing in the record.

Contract of Employment—When Allegation of Damage Unnecessary.

6.  Where, in an action for damages for breach of contract, the complaint sets forth the facts from which the damages naturally flow and contains a prayer for the amount, it is sufficient although it fails to allege in express terms that plaintiff has been damaged.

Same—Measure of Damages.

7.  In an action for damages by an employee for his wrongful discharge, the measure of recovery is the amount he would have earned under the contract to the end of the term less any amount received by him for services rendered to others, or which he might have received by the exercise of due diligence in seeking employment after the date of his discharge and to the end of the term.

Same—Good Cause of Action Joined With Defective One—Surplusage.

8.  The complaint having stated a cause of action for breach of contract of employment, the fact that it also contained allegations appropriate, though insufficient, to state a cause of action on *quantum meruit*, did not destroy his right to recover on the former, since the latter allegations could properly be disregarded as surplusage.

*Appeal from District Court, Cascade County; H. H. Ewing, Judge.*

ACTION by William Hurley against the Great Falls Baseball Association. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

*Messrs. Norris & Hurd,* for Appellant, submitted a brief; *Mr. Edwin L. Norris* argued the cause orally.

For the breach of an employment contract the wrong done appellant was complete, and he then became entitled to recover in the one action whatever damages flowed from the wrong thus done. His compensation for the breach necessarily included all that he might have recovered, had action been de-

---

7.  Remedies of servant wrongfully discharged, see notes in 43 **Am. Dec.** 205; 58 **Am. Rep.** 828; 51 **Am. St. Rep.** 515.

Right of employee to recover wages subsequent to wrongful dismissal, see notes in 13 **Ann. Cas.** 112; Ann. Cas. 1912B, 365; Ann. Cas. 1916A, 472.

On right of wrongfully discharged servant to recover wages for contract period subsequent to discharge, see notes in 5 **L. R. A. (n. s.)** 439; 28 **L. R. A. (n. s.)** 577.

On measure of recovery by wrongfully discharged servant for services actually rendered, see note in 5 **L. R. A. (n. s.)** 582, 587.

ferred until the expiration of the term. His earnings for the entire term were in the direct contemplation of the parties when they made their engagement. (*Edwards* v. *Plains Light & Water Co.,* 49 Mont. 535, 143 Pac. 962.) An employee wrongfully discharged before the expiration of the term of his employment is entitled at least to wages actually earned by him under the terms of the contract up to the time of his discharge. (*Pennsylvania Co.* v. *Dolan,* 6 Ind. App. 109, 51 Am. St. Rep. 289, 32 N. E. 802; *Howard* v. *Daly,* 61 N. Y. 362, 19 Am. Rep. 285; *Elliott* v. *Miller,* 43 N. Y. St. Rep. 536, 17 N. Y. Supp. 526; *Viall* v. *Lionel Mfg. Co.,* 90 Conn. 694, 98 Atl. 329; *Weeksman* v. *Powell,* 178 Iowa, 991, 160 N. W. 377; *Halsey* v. *Meinrath,* 54 Mo. App. 335; *Johns* v. *Sanfilippo,* 29 Cal. App. 494, 156 Pac. 72; *Ricks* v. *Yates,* 5 Ind. 115; *The Frank C. Barker,* 19 Fed. 332; *Marx* v. *New York Ribbon Co.,* 95 Misc. Rep. 551, 159 N. Y. Supp. 853; *Ditzler Dry Goods Co.* v. *Sanders,* 44 Okl. 678, 146 Pac. 17; *Deep Vein Coal Co.* v. *Jones,* 49 Ind. App. 314, 97 N. E. 341.)

Not only may appellant recover the wages actually earned by him under the terms of the contract up to the time of his discharge, but where the action is tried after the expiration of the term of employment, the authorities allow, in addition, the wages for the unexpired portion of the term of his employment less the amount he has earned or might by reasonable effort have earned in other employment in the same line of business during such unexpired term. (*Howay* v. *Going-Northrup Co.,* 24 Wash. 88, 85 Am. St. Rep. 942, 6 L. R. A. (n. s.) 48, 64 Pac. 135; *Mount Hope Cemetery Ass'n.* v. *Weidenmann,* 139 Ill. 67, 28 N. E. 834; *Halsey* v. *Meinrath,* 54 Mo. App. 335; *Everson* v. *Powers,* 89 N. Y. 527, 42 Am. Rep. 319; *Marx* v. *New York Ribbon Co.,* 95 Misc. Rep. 551, 159 N. Y. Supp. 853; *Ditzler Dry Goods Co.* v. *Sanders,* 44 Okl. 678, 146 Pac. 17; *Carroll* v. *Cohen,* 5 Boyce (Del.), 233, 91 Atl. 1001; *Coates* v. *Allegheny Steel Co.,* 234 Pa. 199, 83 Atl. 77; *Young* v. *Watson* (Tex. Civ. App.), 140 S. W. 840.)

An employee wrongfully discharged is not obligated to accept employment of a substantially different character or

grade. (*Hinchcliffe* v. *Koontz,* 121 Ind. 422, 16 Am. St. Rep. 403, 23 N. E. 271; *Fuchs* v. *Koerner,* 107 N. Y. 529, 14 N. E. 445.) While it is the duty of the discharged employee to make reasonable efforts to obtain employment elsewhere, that he did not do so is a defense which may be shown in mitigation of damages, and therefore is a matter which must be alleged by the employer in defense to the *prima facie* case made out by the employee in setting forth the contract, performance on his part until wrongfully discharged and the unpaid salary under the contract according to its terms. The burden of pleading and proving this defense in mitigation of damages is upon the employer. (*Coates* v. *Allegheny Steel Co., supra; Gauf* v. *Milwaukee Athletic Club,* 151 Wis. 333, 139 N. W. 207; *Carroll* v. *Cohen, supra; Miller* v. *Sealy Oil Mill & Mfg. Co.* (Tex. Civ. App.), 166 S. W. 1182.)

*Messrs. Peters & Smith,* for Respondent, submitted a brief; *Mr. Larue Smith* argued the cause orally.

Appellant says that his action is either one for damages for breach, or at least, an action for wages, earned. But damages for a wrongful discharge cannot be recovered in an action for wages earned. (*Elliott* v. *Miller,* 43 N. Y. St. Rep. 536, 17 N. Y. Supp. 526; *Reed* v. *Newman,* 31 Misc. Rep. 792, 65 N. Y. Supp. 218.) Nor can damages for a wrongful discharge be recovered under a complaint on the contract of employment for the contract price. The complaint must be for damages for the breach. (*Stephens* v. *Howe,* 34 N. Y. Super. Ct. 133.) Neither can wages falling due before the discharge of a servant be recovered in an action by the servant against his master for damages for wrongful discharge. (*Tullis* v. *Hassell,* 8 N. Y. St. Rep. 108, 54 N. Y. Super. Ct. 391.) It is generally the rule that one who contracts to serve another for a specified time at a stipulated price, payable periodically in installments, and who is discharged without fault on his part before the expiration of the contract period, may treat the contract as still subsisting and sue his employer thereon in assumpsit for

wages due according to its terms. (*Davidson* v. *Laughlin,* 138 Cal. 320, 5 L. R. A. (n. s.) 579, 71 Pac. 345.) But only wages actually due and payable are recoverable in an action by a discharged employee for wages. (*Levin* v. *Standard Fashion Co.,* 25 N. Y. St. Rep. 817, 4 N. Y. Supp. 867; *Fowler etc.* v. *Armour,* 24 Ala. 194; *Arnold* v. *Adams,* 27 App. Div. 345, 49 N. Y. Supp. 1041.) In fact, in an action for wrongful discharge, if it is for damages, it is inconsistent and improper to ask for wages earned. (*Howay* v. *Going-Northrup Co.,* 24 Wash. 88, 85 Am. St. Rep. 942, 6 L. R. A. (n. s.) 48, 64 Pac. 135; *James* v. *Parsons etc. Co.,* 70 Kan. 156, 78 Pac. 438; *Keedy* v. *Long,* 71 Md. 385, 5 L. R. A. 759, 18 Atl. 704; Wood's Law of Master and Servant, 244; 20 Am. & Eng. Ency. of Law, 2d ed., 36; *Hamlin etc. Co.* v. *Race,* 78 Ill. 422; *Williams* v. *Luckett,* 77 Miss. 394, 26 South. 967; *Huntington* v. *Ogdensburgh & L. C. R. Co.,* 33 How. Pr. (N. Y.) 416; *Jones* v. *Dunton,* 7 Ill. App. 580.) A wrongfully discharged servant who sues for wages can claim only the wages due at the date of the institution of the action. (*Beauchemin* v. *Simon,* 23 L. Can. Jur. 143; *Smiley* v. *Brownfield,* 21 Wkly. Notes Cas. (Pa.) 528.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On March 16, 1916, the parties hereto entered into a contract in writing by the terms of which plaintiff was employed for six months, at a salary of $300 per month, as captain, manager and first baseman of defendant's baseball club. The contract provided that within thirty days from its date plaintiff should purchase and pay for 100 shares of the capital stock of the defendant corporation. This action was brought in July, 1916, and in his complaint plaintiff sets forth at length the contract of employment, and alleges that within thirty days he purchased the 100 shares of stock; that he entered upon the discharge of his duties under the contract and fully performed the same up to June 23; that he was paid for his services up to June 1, and no more; that on June 23 defendant, without

cause, wrongfully discharged him as captain and manager of its ball club; that he was ready, able and willing to complete performance under the contract, but was denied the right to do so; that he was unable to secure employment elsewhere; that by reason of his wrongful discharge the compensation to which he would have been entitled was lost to him; that he demanded payment of the amount claimed; and that payment was refused. The complaint sets forth the amount of wages earned from June 1 to June 23, and the amount which he would have earned from June 23 to the end of the term, if he had been permitted to complete performance. The prayer is for judgment for the total of these two amounts.

The answer consists of a general denial of certain allegations of the complaint, a complete special defense, a partial defense, and four counterclaims. All affirmative allegations were put in issue by reply. Upon the trial the court sustained defendant's objection to the introduction of any evidence on the ground that the complaint does not state a cause of action; permitted the withdrawal of the several counterclaims; dismissed the complaint; and rendered and had entered a judgment for the defendant's costs. From that judgment plaintiff appealed.

It is the rule in this jurisdiction, and elsewhere generally, [1] that if the allegations of the complaint warrant a recovery by plaintiff in any amount and upon any admissible theory, the pleading will withstand a general demurrer or an objection to the admission of evidence. (*Cassidy* v. *Slemons & Booth,* 41 Mont. 426, 109 Pac. 976.) In *McFarland* v. *Welch,* 48 Mont. 196, 136 Pac. 394, this court held that a servant wrongfully discharged from his employment may pursue any one of three remedies: (1) He may treat the contract as rescinded and sue upon a *quantum meruit* for the value of the services actually performed and for which payment has not been made; or (2) he may treat the contract as continuing and sue for damages for the breach occasioned by his wrongful discharge; or (3) he may stand by in readiness to perform until

the expiration of the term of employment and then sue upon the contract for the unpaid wages.

It may be conceded that this complaint does not state a cause of action upon a *quantum meruit* or upon the theory of constructive service, and our investigation is limited to the inquiry: Does it state a cause of action for damages for a breach of the contract? Respondent contends that it does not, and that it is deficient in many particulars:

(1) The complaint alleges that plaintiff was discharged as captain and manager only, and does not allege that he was discharged from the employment. Standing alone, the pleading would be open to this criticism. From all that appears from the face of the complaint, plaintiff might have proceeded to discharge his duties as first baseman and might have received the full compensation provided by the contract; but it is elementary that a defective complaint—defective in the sense that it omits a necessary allegation—may be cured by the answer (*Stephens* v. *Conley,* 48 Mont. 352, Ann. Cas. 1915D, 958, 138 Pac. 189), and if the answer contains the necessary curative allegation, it will be treated as though incorporated in the complaint. In that portion of the answer devoted to the complete defense defendant sets forth numerous acts of misconduct on the part of the plaintiff, and then concludes that by reason thereof "this defendant on the twenty-third day of June, A. D. 1916, discharged the said plaintiff from defendant's employment," *etc.* If, then, the complaint is indefinite or uncertain in attempting to plead a discharge from the employment in its entirety, or if the necessary allegation of such discharge is wanting altogether, the defect or omission is supplied abundantly by the allegation of the answer quoted above, and the ruling upon the objection cannot be justified upon this ground.

(2) It is insisted that the plaintiff does not allege that he paid for the 100 shares of stock within the period mentioned in the contract for that purpose, or at all. It is alleged that within thirty days from the date of the contract plaintiff tendered to defendant the full amount of the purchase price;

that he was directed by defendant to expend the money for its use and benefit, and did so; that on June 1 a settlement was had between the parties; that defendant then received from plaintiff $375 as payment upon the purchase price of the stock, and by mutual agreement the time for the payment of the balance was extended and the balance was to be deducted from the salary to be earned by plaintiff during the month of June, and that at the time of his discharge defendant was indebted to him in a sum greatly in excess of the balance due upon the purchase price of the stock. We need not stop to determine whether a waiver is pleaded sufficiently. The contract of employment was subject to alteration or modification by a subsequent agreement in writing or by an executed oral agreement (Rev. Codes, sec. 5067), and if it be conceded that the subsequent agreement pleaded is an executory contract, then, since it must have been in writing in order to be effective, the presumption will be indulged that it was in writing, nothing appearing to the contrary (*Hefferlin* v. *Karlman,* 29 Mont. 139, 74 Pac. 201; *Mantle* v. *White,* 47 Mont. 234, 132 Pac. 22).

(3) The objection is made that the complaint does not [6] contain any allegation of damages suffered by plaintiff in consequence of his wrongful discharge. While it is usual in an action of this character to incorporate in the complaint a formal allegation that plaintiff has been damaged in a stated amount, such allegation is not indispensable. If the complaint sets forth the facts from which the damages naturally flow and contains a prayer for the amount, it is sufficient, although it fails to allege in express terms that plaintiff has been damaged. (*Riser* v. *Walton,* 78 Cal. 490, 21 Pac. 362; *Bank of British Columbia* v. *Port Townsend,* 16 Wash. 450, 47 Pac. 896; 13 Cyc. 175; 17 C. J. 998; 1 Sutherland on Damages, 4th ed., sec. 415.) The complaint does disclose the terms of the contract and alleges that by reason of the discharge the compensation which plaintiff otherwise would have earned was lost to him, and concludes with a prayer for the amount claimed. It [7] is the rule in this state that, in an action by an employee

for damages for his wrongful discharge, the measure of recovery is the amount he would have earned under the contract to the end of the term, less any amount received by him for services rendered to others or which he might have received by the exercise of due diligence in seeking employment after the date of his discharge and to the end of the term. (*Edwards* v. *Plains L. & W. Co.*, 49 Mont. 535, 143 Pac. 962.)

It is true that the prayer of this complaint comprehends a [8] claim for the wages earned from June 1 to June 23, as well as the demand for damages occasioned by the breach, but it does not follow that, because plaintiff is seeking to recover more than he is entitled to recover, he may not recover at all. This complaint does not state a cause of action upon a *quantum meruit*, and the allegations respecting the wages earned from June 1 to June 23 may be disregarded as surplusage.

The complaint is not a model pleading, but, when stripped of useless verbiage, it does contain all the allegations necessary to state a cause of action for damages for the breach of the contract (26 Cyc. 1003; 13 Ency. Pl. & Pr. 915), and is proof against the objection made to it.

. The judgment is reversed and the cause is remanded for further proceedings.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, COOPER and GALEN concur.