# Archbald *v.* Stone, Appellant.

*Attorney—Attorney and client—Services rendered—Action for—Affidavit of defense—Insufficiency.*

In an action of assumpsit for services rendered by an attorney, an affidavit of defense is insufficient, which merely avers that the attorney was not employed at the personal instance and request of the defendant, although it admits that the plaintiff was employed by his son, also an attorney. In such case it was incumbent upon the defendant to go further and aver that the son had been without authority to employ the plaintiff. The averment that the professional services were not worth the amount asked was insufficient, where no attempt was made to aver how much they were actually worth.

Argued March 9, 1927. Appeal No. 31, February T., 1927, by defendant from the judgment of C. P. Lackawanna County, June T., 1926, No. 905, in the case of R. W. Archbald, Jr., and Hugh Archbald, Executors of the last will of R. W. Archbald, *v.* Haley Stone. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit for services rendered. Before MAXEY, J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense.

The court made absolute the rule. Defendant appealed.

*Error assigned* was the judgment of the Court.

*B. L. Stone,* for appellant.

*Wallace G. Moser,* for appellee.

Opinion by Porter, P. J., July 8, 1927:

This is an appeal by the defendant from a judgment entered by the court below in default of a sufficient affidavit of defense. The action was brought by Judge Archbald in his lifetime to recover for professional services rendered the defendant in the trial of a case in Lackawanna County and the preparation of a brief and argument of an appeal which was taken to this court. The plaintiff averred in his statement that he had ''at the special instance and oral request of the said Haley Stone, undertook as attorney and counselor-at-law, to defend the said action on behalf of the said Haley Stone'' and that he had examined and cross-examined the witnesses who testified at the trial and argued the cause and issues of fact and law to the court and jury, that the trial had resulted in a verdict in favor of the plaintiff and against this defendant for the sum of $1500.00; that thereafter the plaintiff had moved for the entry of judgment in favor of the defendant non obstante veredicto and obtained a rule to show cause why such judgment should not be entered, and subsequently prepared briefs and argued the said rule to the court, whereupon the court made the rule absolute and judgment was entered in favor of the defendant; that the plaintiff in that action had appealed to the Superior Court and that the plaintiff in the present action had prepared the necessary briefs

and argued the appeal in the Superior Court, where the judgment in favor of the defendant was affirmed. The affidavit of defense was clearly evasive. It distinctly admitted that the plaintiff had rendered all the services alleged in his statement of claim, but made a lame attempt to aver that the services of plaintiff were not rendered "at my special instance and request," and averred in this connection that the services were rendered "not at my instance and request but at the instance and request of Attorney B. L. Stone." In subsequent paragraphs of the affidavit of defense it stated "that judgment was entered for me notwithstanding the verdict and this through my Attorney B. L. Stone and his associate R. W. Archbald, Esq., the plaintiff"; and again, "the said case was appealed to the Superior Court and my attorney, B. L. Stone, and his associate R. W. Archbald, Esq., the plaintiff, cared for all the legal work therein necessary." It is important to observe that the defendant did not in his affidavit of defense aver that his attorney, B. L. Stone, who seems to have been his own son, was not by him authorized to employ Judge Archbald to assist in the conduct of the litigation in his behalf. The defendant having distinctly admitted that he had received the benefits of Judge Archbald's efforts and professional skill through a protracted litigation and having merely asserted that the services had not been rendered at his personal instance and request but had been so rendered at the request of his son, who was one of his attorneys in the action, it was incumbent upon him to go further and aver that his son had been without authority to employ Judge Archbald to represent him. The averment that Judge Archbald's services were not worth $500.00 was insufficient, in that it did not attempt to aver how much they were worth.

The judgment is affirmed.