MILLER, Respondent, *v.* YELLOWSTONE IRRIGATION DISTRICT, Appellant.

(No. 6,893.)

(Submitted February 10, 1932.   Decided March 7, 1932.)

[9 Pac. (2d) 795.]

*Mr. Beeman* and *Messrs. Carolan & Fenton,* for Appellant, submitted a brief; *Mr. T. W. Carolan* argued the cause orally.

*Mr. C. L. Harris,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE FORD delivered the opinion of the court.

On or about April 1, 1929, plaintiff was employed by the defendant as superintendent of its irrigation system. He served in that capacity until November 1 of that year, when he was discharged. This action was brought in April, 1930, and in his complaint plaintiff sets forth at length that on or about April 1, 1929, defendant, through its duly authorized agents, employed him as superintendent of its canal and irrigation works for a period of one year at the agreed and stipulated salary of $1,800 per year, payable at the rate of $150 per month, and that in pursuance of such employment he entered upon his duties as such superintendent and performed the duties pertaining thereto until November 1, for which services he was paid; that on the last-mentioned date he was discharged by defendant; that he refused to be released from the yearly employment and has held himself in readiness at all times to perform the contract, and was at all times willing and anxious to perform the same and so notified defendant, but that his offer of full performance was refused by defendant. The prayer is for judgment for the unpaid wages.

By answer defendant "admits that about or shortly after the 1st day of April, 1929, it did enter into a contract of employment with plaintiff by the terms of which contract plaintiff was to act and serve in the capacity of superintendent of defendant's irrigation system, in which capacity the plaintiff was to serve for an indefinite term of employment at

the pleasure of the board of commissioners of the Yellowstone Irrigation District, the defendant herein, and was to receive as compensation, while in actual service, the sum of $150 per month''; that plaintiff served from April 7, 1929, until November 1, when his services were dispensed with and the entire amount due him for all services rendered was paid.

As a further answer and defense it is alleged that ''defendant did employ the plaintiff as superintendent for the irrigation season of 1929, at a monthly salary of $150 per month, and on or about the 7th day of April, 1929, the plaintiff began his services as such superintendent, and was in the employment as such superintendent, up to and until the first day of November, 1929''; and that plaintiff has been paid for all services rendered at the agreed price. It is then alleged that plaintiff ''was inefficient and incompetent to perform the labor and services for which he was employed,'' and by reason thereof it became necessary for defendant to dispense with plaintiff's services and on November 1, 1929, his employment was terminated by defendant.

Upon the trial there was a verdict for plaintiff; judgment was accordingly entered, and defendant appeals.

The first specification of error questions the correctness of the court's ruling in denying defendant's motion for a nonsuit. It is argued that there is not any evidence showing that plaintiff could not, in the exercise of reasonable diligence, have obtained other remunerative employment and, in consequence, there was no proof of damage.

Plaintiff testified to the terms of the contract of employment, his discharge, and that he held himself in readiness to perform, and was ready and willing at all times to perform, the terms thereof. He was not required to go further, and the court ruled correctly on the motion.

While it is true that ''it is the rule in this state that, in an action by an employee for damages for his wrongful discharge, the measure of recovery is the amount he would have earned under the contract to the end of the term, less any amount received by him for services rendered to others

or which he might have received by the exercise of due diligence in seeking employment after the date of his discharge and to the end of the term'' (*Hurley* v. *Great Falls Baseball Assn.*, 59 Mont. 21, 195 Pac. 559, 561; *Edwards* v. *Plains L. & W. Co.*, 49 Mont. 535, 143 Pac. 962; 8 R. C. L. 442; 39 C. J. 109), the burden of reducing the damages by proof that plaintiff obtained, or might have, with due diligence, obtained other employment was upon defendant. ''The measure of damages for the breach of a contract of employment by the employer is prima facie the sum stipulated to be paid for the services, and the burden of reducing the damages by proof that the servant has or might, with reasonable diligence, have obtained other remunerative employment rests upon the employer.'' (39 C. J. 101, and cases cited; *Hancock* v. *Board of Education*, 140 Cal. 554, 74 Pac. 44; *Fuller* v. *Little*, 61 Ill. 21; *Allen* v. *Whitlark*, 99 Mich. 492, 58 N. W. 470; *Farrell* v. *School District*, 98 Mich. 43, 56 N. W. 1053; *Schommer* v. *Flour City Ornamental Works*, 129 Minn. 244, 152 N. W. 535; *Beissell* v. *Vermillion Farmers etc. Co.*, 102 Minn. 229, 12 L. R. A. (n. s.) 403, 113 N. W. 575; *Stolz* v. *Wells*, (Tex. Civ. App.) 43 S. W. (2d) 163; *Davis* v. *Laurel River Lumber Co.*, 85 W. Va. 191, 101 S. E. 447; 1 Labatt on Master and Servant, 2d ed., sec. 399, p. 1206; note, 6 L. R. A. (n. s.) 108.) ''It is settled by the weight of authority that if he [the employe] has or by the exercise of reasonable diligence could have obtained employment or earned wages after his discharge, the facts are matters of defense, and must be established by the employer.'' (18 R. C. L., p. 527, sec. 38. See, also, sec. 8669, Rev. Codes 1921.)

It is next contended that the court erred in refusing to give defendant's offered instruction No. 16. This instruction related to the authority of defendant's agent who employed plaintiff, and was properly refused. Under the issues framed by the pleadings there was not any question presented as to the agent's authority. The answer admits that defendant ''entered into a contract of employment with plaintiff by the

terms of which contract plaintiff was to act and serve in the capacity of superintendent." And in the further answer we find this allegation: "The defendant, by and through its board of commissioners * * * did employ the plaintiff as superintendent."

The only question raised by the pleadings was whether plaintiff was employed for one year, as contended by him, or for an indefinite period, as asserted by defendant. Therefore, when defendant admitted the employment, it admitted the authority of the agent who made the contract. In other words, the allegations of the answer amount to this: Defendant says: "We entered into the contract but the term of employment was not for one year, as alleged by plaintiff, but for an indefinite period," thus admitting the authority of the agent to make the contract.

"In an action on a contract, the authority of the agent to make the contract is admitted where the answer admits the making of the contract but avers that it was upon a different compensation from that alleged in the complaint, or where the answer admits the contract but alleges terms materially different from the contract set out in the complaint." (2 C. J. 913, and cases cited.)

The fact that in its further answer and defense it is alleged that plaintiff was employed for the irrigation season of 1929, and was discharged on November 1, 1929, because of his incompetency, tends to show that the case was tried on the theory that the question in dispute was the term of employment rather than the extent of the agent's authority.

Had defendant intended to question the authority of its agent who employed plaintiff, it should have done so by appropriate pleading. Having failed to do so and having expressly admitted the employment of plaintiff, it was not entitled to have the question submitted to the jury. (*Driver* v. *Galland*, 59 Wash. 201, 109 Pac. 593; *Hamill* v. *Baumhover*, 110 Iowa, 369, 81 N. W. 600; *DeRemer* v. *Brown*, 36 App. Div. 634, 55 N. Y. Supp. 367; Id., 165 N. Y. 410, 59 N. E.

129; *Cross* v. *Atchison, T. & S. F. Ry. Co.*, 71 Mo. App. 585;
*Archbald* v. *Stone,* 91 Pa. Super. Ct. 268.)

Accordingly the judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES
GALEN, ANGSTMAN and MATTHEWS concur.

Rehearing denied April 7, 1932.